## HEFNER v. AMERICAN TUBE & STAMPING CO.

(District Court, S. D. New York. May 28, 1908.)

CORPORATIONS—SERVICE ON NONRESIDENT CORPORATION—RESIDENT SALES
AGENT.

A sales agent, acting in New York for a foreign corporation, is not a person upon whom process can be served in a suit in which the corporation is sought to be held liable as consignee of a cargo to be delivered in another state, in a transaction with which such agent had no connection.

[Ed. Note.—Service on foreign corporations, see notes to Eldred v. American Palace Car Co., 45 C. C. A. 3; Cella Commission Co. v. Bohlinger, 78 C. C. A. 473.]

In Admiralty. On motion to set aside service.

Peter S. Carter, for libellant.

Hastings & Gleason, for respondent.

ADAMS, District Judge. This action was brought by Henry Hefner, as master and owner of the barge Elizabeth H. Gross, to recover from The American Tube & Stamping Company the freight and demurrage alleged to be due by reason of the failure of the respondent to fulfil its contract made with the libellant to pay the amount, $324.92, agreed upon as in compromise and in settlement of the claim arising from the said failure in the delivery of the cargo at Bridgeport, Connecticut, after transporting it from St. George, Staten Island.

Upon the libel being filed process was duly issued and delivered to the marshal, who on the 19th of May, 1908, filed his return alleging:

"I hereby certify, That on the 14th day of May, 1908, at the City of New York, in my district, I served the within citation upon the within-named respondent The American Tube and Stamping Company by exhibiting to George Damerel, as N. Y. Sales Agent of said Company at #100 Broadway, N. Y. the within original, and at the same time leaving with him a copy thereof."

The process was returnable on the said 19th of May, and when called, the respondent filed a special appearance objecting to the jurisdiction of the court and moved to set aside "the attempted service of the citation."

The question presented is whether the service described in the marshal's return is sufficient to authorize a retention of the action.

The respondent also filed an affidavit dated May 18, 1908, alleging as follows:

"George Damerel being duly sworn, deposes and says that he now is and was at all times hereinafter stated an employee of the American Tube and Stamping Company and that he is not now and never has been a director or officer of The American Tube and Stamping Company and that his sole connection therewith has been that of employee.

That on the 14th day of May, 1908, deponent was served with the citation or paper hereto annexed.

That on the 14th day of May when the said paper was attempted to be served upon deponent, deponent informed the person who attempted to make such service that he had no authority to accept any papers on behalf of The American Tube and Stamping Company and that he refused to accept the said paper and the paper was allowed to fall on the floor and

the person who attempted to make such service left the office, the said paper still remaining on the floor."

The libellant filed an opposing affidavit, dated May 21, 1908, alleging as follows:

"Peter S. Carter, being duly sworn, deposes and says: That he is the proctor of record for the above libellant; that he has read the affidavit of George Damerel herein, asserting that he is neither a director or officer, but an employee of the respondent company, but does not state what his duties are as such employee, and that being the case it is presumed in law that as he is known as 'N. Y. Manager' (as set forth below) he performs the duties as such; and that the above assertion of the said Damerel has no bearing upon this service, as it is not necessary even under the Code of Civil Procedure for a person to be either a director or officer, but that an employee, to wit: the managing agent, can be served, and that the decisions show that employees, not known as managing agents, but performing duties coming under the designation of managing agent, from the nature of their duties can be served; and the decisions of the United States Courts show that any person performing any responsible duties is a proper person to be served.

Deponent further says: That the respondent company's name is inserted in 'The Trow (formerly Wilson's) Co-partnership and Corporation Directory of the Boroughs of Manhattan and The Bronx, City of New York,' published March, 1904, under the following title: 'Am. Tube & Stamping Co. (Bridgeport, Ct.) (George Damerel, N. Y. Manager), 258 B'way;' and in the same Directory for 1907 and 1908 the respondent company's name appears the same way, excepting the address which is '100 B'way' (the Directories for 1905 and 1906 not being seen by deponent). And in the Telephone Directory, issued February 1st, 1908, the respondent's name appears as follows: 'Amer. Tube & Stamping Co. 100 Bway. 1370 Rector.'

Deponent further says: That before the filing of the libel or the service of the citation by the Marshal, he wrote to the Secretary of the State of New York to ascertain if any person had been designated, in accordance with Section 432 of the Code of Civil Procedure of the State of New York, to accept service of papers on behalf of the respondent, and in reply deponent received from John S. Whalen, Esq., Secretary of State, of the State of New York, a letter stating: 'I find no such designation by said corporation on file in this office,' which letter deponent annexes to this affidavit and makes the same a part hereof.

Deponent further says: That the citation served on said George Damerel was properly served for the reason herein above stated, and that his duties in said respondent corporation are such as are performed by persons classed under the designation of 'managing agent'; and that under the United States decisions the service was proper, regardless of the designation 'managing agent,' or those coming under that designation. That accompanying this affidavit is deponent's 'Memorandum on Behalf of the Libellant,' giving the United States decisions and the State of New York decisions, bearing out deponent's contention.

Deponent, therefore, prays that the application to dismiss the citation on the grounds that the said George Damerel is not the proper person on whom the citation should be served, as he does not represent the respondent, be denied, and the respondent directed to appear and answer the libel."

It appears from the libel that the cargo of the boat was shipped at St. George under a contract made with the Robinson, Baxter, Dissosway Towing and Transportation Company of the Borough of Manhattan, for transportation and delivery to the respondent at Bridgeport, and the cause of action arises out of a breach of the contract of delivery, the respondent being the consignee.

I fail to see how the court obtained jurisdiction of the matter. The return shows that the person upon whom the citation was served was

the "sales agent" of the respondent, without apparent authority to otherwise represent it and without connection of any kind with this transaction. To bring a foreign corporation here to defend an action of this character seems to me to be without warrant. It is urged that the respondent has not complied with certain New York Statutes relating to the proof to be filed before a certificate of incorporation is granted, the payment of a license tax, and the ability to sue (Laws N. Y. 1895, p. 450, c. 672, § 16; Laws 1901, p. 1365, c. 558, § 181; Code Civ. Proc. N. Y. § 1779), but it does not appear how such fact aids the libellant.

The respondent's motion is granted.