GILLILAND, RESPONDENT, *v.* PALATINE INSURANCE CO.,
LTD., APPELLANT.

(No. 4,273.)

(Submitted January 11, 1921.  Decided February 28, 1921.)

[196 Pac. 151.]

*Default Judgments—Summons—Motion to Quash—Defective
Service — Affidavits — Hearing—Testimony Proper—Burden
of Proof—Presumptions.*

Summons—Motion to Quash—Defective Service—Affidavits—Hearing—Testimony Proper.
  1. On a hearing of motion to quash summons in aid of which affidavits were filed denying that service had been made, the court was not confined to a consideration of the affidavits, but could properly hear the testimony of the officer who made service and of witnesses in opposition thereto.

Default Judgment—Defective Service of Summons—Burden of Proof—Presumptions.
  2. Before the district court could set aside a default judgment on the ground of nonservice of summons, the defendant was obliged not only to overcome the presumption accorded to official acts but the testimony of the officer making service as well, failing in which the motion was properly denied.

*Appeals from District Court, Cascade County; H. H. Ewing,
Judge.*

ACTION by J. N. Gilliland against the Palatine Insurance Company, Limited, of London, England. Judgment by default was entered against defendant, and it appeals from the judgment and an order denying its motion to quash the service of summons and vacate the default.  Affirmed.

*Messrs. Freeman & Thelen,* for Appellant, submitted a brief;
*Mr. Jas. W. Freeman* argued the cause orally.

*Messrs. O'Leary & Doyle,* for Respondent, submitted a brief;
*Mr. W. F. O'Leary* argued the cause orally.

---

1. Jurisdictional defects in service of process and conclusiveness of process, see notes in 61 **Am. St. Rep.** 485; 124 **Am. St. Rep.** 757.

MR. JUSTICE COOPER delivered the opinion of the court.

Action to recover upon a fire insurance policy. The complaint was filed October 18, 1917, summons issued on that day, and on October 24 a return was made, certifying that summons and complaint were served upon the defendant by delivering a copy of each to S. J. Ball personally in Great Falls, Cascade county. On November 24, 1917, praecipe for default was filed with the clerk of the court, and on December 15, following, judgment was rendered and entered. On December 27, 1917, motion to quash the service of summons and to set aside the default was served and filed, together with affidavits denying that service of process had been made upon Mr. Ball, and putting in issue the facts stated in the return. A verified answer to the merits was also tendered. On May 2, 1918, instead of considering the affidavits filed in support of the motion to quash, a hearing was had, and the persons making the affidavits were sworn as witnesses and examined in open court. The testimony of the deputy sheriff was that he made personal service of the complaint and summons upon Mr. Ball in his office by delivering to him copies and reading them to him. He detailed his movements in making service, as follows: "He [Mr. Ball] was sitting at a desk using a typewriter when I served the summons and a copy of the complaint upon him, and I read it to him and he said he believed he was not the party to be served, and I asked him if he was the agent at the time this thing happened, and he said he probably was, and I told him I was instructed to serve him."

The testimony of the witnesses in opposition to that of the deputy sheriff was that no service had ever been made upon Mr. Ball, but that a copy of the summons and complaint were left with a young lady in Mr. Ball's office, and that Mr. Ball never saw them until after the default had been entered. The issue was therefore confined to the credibility of opposing witnesses. The district court upheld the service upon Mr. Ball

and denied the motion to quash and refused to vacate the default. These appeals are from the judgment and order.

The five assignments of error can all be treated together. [1] Much stress is laid upon the fact that the court heard *viva voce* testimony instead of considering the affidavits filed in support of the motion to quash. The duty of the court in a proceeding of this character is to find out the truth, and then to determine whether the conditions and circumstances and the due administration of justice demand that official acts shall be undone, the parties let into court and permitted to proceed to trial upon the merits. We fail to see how defendant could possibly have been put at a disadvantage by reason of the fact that the trial court heard oral testimony instead of accepting the affidavits. Obviously, the facts and circumstances could more readily be brought to light and the conditions better understood from hearing the witnesses testify, and by observing their demeanor under a rigorous, searching and suggestive examination by counsel in open court, than they could have been through the medium of *ex parte* affidavits perfunctorily worded and prepared by a person other than the one swearing to them. With the conclusion of the court reached as this was, it is not our privilege, at second hand and at long range, to differ. We have no right to assume that the trial court selected the wrong piece of testimony as a basis for its decision. That court was nearest the scene and better able than are we to judge of the veracity, of the vividity of memory, and the faithfulness of the witnesses in relating the words and portraying the acts attending the service of the process.

Upon the testimony, the court determined that the return [2] was sufficiently fortified by the oral testimony of the deputy sheriff to give it verity, and that the acts done by him made the service as complete as the statute requires. (*Wright* v. *Brooks,* 47 Mont. 99, 109, 130 Pac. 968.) This is especially so in view of the language of subdivision 1 of section 6525 of the Revised Codes, *viz.:* "Proof of the service of summons and

complaint must be as follows: (1) If served by the sheriff, his certificate thereof.'' So that, in the absence of proof overcoming the presumption (Rev. Codes, secs. 7960, 7962, subd. 15) accorded to official acts upon the filing of the return in the office of the clerk of the court, the service was presumptively regular and the jurisdiction of the court complete. Before the district court could rightfully set the default aside, proof must have been adduced satisfactory in credibility and sufficient in weight, not only to overcome this presumption, but the oral testimony of the officer as well. This the trial court held the defendant had not done. Had its finding been based upon the affidavits alone, we might have been free to say that the testimony of one witness ought to prevail over that of another; or that, upon the whole case, our opinion was not at one with the trial court upon the preponderance of the evidence.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, HOLLOWAY and GALEN concur.