**CONSOLIDATED RADIO ARTISTS, Inc., v. WASHINGTON SECTION, NATIONAL COUNCIL OF JEWISH JUNIORS.**

**No. 7190.**

United States Court of Appeals for the District of Columbia.

Decided June 12, 1939.

---

786

Milford F. Schwartz and Sylvan Schwartz, both of Washington, D. C., and Harry Berman, of New York City, for appellant.

Abraham Chasanow, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and STEPHENS and EDGERTON, Associate Justices.

PER CURIAM.

On November 23, 1937, appellee filed suit in the District Court against appellant for breach of a contract to furnish to appellee, in the District of Columbia, the services of a certain orchestra at a dance. The summons was served upon Benjamin Kipnis, who was described in the Marshal's return as agent of appellant. Appellant defaulted, and on January 12, 1938, judgment for $4,250 and costs was entered against it. On March 10, 1938, it appeared specially and moved to set aside the judgment on the grounds that it was a foreign corporation, doing no business in the District of Columbia; that Kipnis was not its agent; and that it was never served with process. Appellant also filed an affidavit of its secretary, Ann Richardson, that defendant had never "been engaged in doing business" in the District of Columbia; that Kipnis was never its agent, officer or employee; and that appellant first heard of the suit in February, 1938. On April 1, 1938, the District Court overruled the motion to set aside the judgment. Defendant appealed, and plaintiff moved to dismiss the appeal.

██ A foreign corporation "doing business in the District" may be sued if process is served on its "agent." D.C.Code 1929, Tit. 24, § 373. If, as appellant contends, process was never served upon it, the judgment against it is void and appellant would have been entitled to a decree enjoining the enforcement of the judgment;[1] but appellant was not restricted to that remedy. A "proceeding to set aside the original judgment is in effect an independent action, and the judgment therein final and reviewable."[2]

██ The proceedings below were before the adoption of the new rules of civil procedure; and we know of no good reason why the case could not have been decided upon the motion supported by affidavits, and upon counter-affidavits,[3] nor, indeed, why either party might not have presented oral testimony.[4] But all that we have in the record,—apart from the declaration, affidavit of merit, summons, marshal's return, and default judgment, in the original suit—is the motion to set aside the judgment; the affidavit of appellant's secretary; annexed letters addressed by appellant's counsel to the clerk of the court below and to appellee's counsel, respectively, with the replies thereto; and a letter from appellant to Kipnis, of date October 21, 1937. When and where this letter was filed, how it was identified, and how it got into the record are not explained, and counsel differ as to whether it was ever properly made a part of the record.

██ We have, then, a case in which it is alleged that appellant is a foreign cor-

---

[1] The Firestone Tire & Rubber Co. v. Marlboro Cotton Mills, 4 Cir., 282 F. 811, certiorari denied 260 U.S. 749, 43 S.Ct. 248, 67 L.Ed. 494.

[2] Stevirmac Oil & Gas Co. v. Dittman, 245 U.S. 210, 216, 38 S.Ct. 116, 118, 62 L.Ed. 248.

This court has held that, in general, an appeal may not be taken from an order overruling a motion to vacate a judgment. Tubman v. Baltimore & O. R. Co., 20 App.D.C. 541, affirmed on other grounds, 190 U.S. 38, 23 S.Ct. 777, 47 L.Ed. 946; Swenk v. Nicholls, 39 App. D.C. 350; Dante v. Bagby, 39 App.D.C. 516; Doyle v. District of Columbia, 45 App.D.C. 90; International Bank v. Securities Corporation, 59 App.D.C. 72, 32 F.2d 968. In Hallowell v. Darling, 32 App.D.C. 405, an appeal from such an order was heard, but the right to appeal was not discussed. In the Tubman line of cases the appellant had taken part in the original proceedings, and no excuse appeared for his failure to appeal from the original judgment. On the other hand, in the Stevirmac case, supra, and in the present case, appellant did not appear in the original proceedings, and claimed that it was never served in those proceedings. The Tubman doctrine may be distinguished on the ground that "When a motion is made to vacate an order under such circumstances that it merely calls upon the court to repeat or overrule the former ruling on the same facts, the last order is not appealable * * * because it would be virtually allowing two appeals from the same ruling, and would, in some cases, have the effect of extending the time for appealing," but a judgment against a defendant who "was not in court, and had no opportunity to be heard" is not within the principle. De la Montanya v. De la Montanya, 112 Cal. 101, 44 P. 345, 349, 32 L.R.A. 82, 53 Am.St.Rep. 165.

[3] Domitski v. American Linseed Company, 221 Ill. 161, 77 N.E. 428, 429.

[4] Gilliland v. Palatine Insurance Co., 59 Mont. 267, 196 P. 151.

poration which has never been engaged in business in the District of Columbia, and which has no officer or agent in the District on whom service of process can be made. It appears also that service was upon Kipnis, and it is alleged that he never advised appellant of the service or the suit. If these allegations are true, obviously the trial court was without jurisdiction and the original judgment is void. If Kipnis was not the appellant's agent when process was served, the process was void and appellant was never properly brought into court. Even if we give full effect to the letter of October 21, it fails to meet appellant's affidavit that Kipnis was not its agent. The letter apparently shows that Kipnis on a commission basis represented appellant in securing a contract for the services of an orchestra to be supplied by appellant to some client of Kipnis in Washington. What contract this refers to we can only guess, and we cannot know the circumstances in which it was made. This letter, without more, is insufficient to prove the fact of agency to receive process in this suit. Hefner v. American Tube & Stamping Co., D.C., 163 F. 866; Carter v. Reardon-Smith Line, 148 Md. 545, 556, 129 A. 839. This alone would require the reversal of the trial court's order. Moreover, that order shows the consideration of nothing else than the appellant's motion to set aside the judgment. In the argument and in the brief it is said on behalf of appellant that the order was entered on the grounds that (1) appellant was not entitled to the relief sought because it was appearing specially, (2) appellant was engaged in doing business in the District of Columbia, and (3) Kipnis was appellant's agent. Counsel for appellee, on the other hand, denies that the court orally held that appellant was not entitled to appear specially.

The result of all this is to present the appeal in such confusion that we can make no final disposition of the case. We do not know whether oral testimony was introduced by either party at the hearing, or upon what grounds the court made its order. We feel it our duty to remand the case to the trial court with instructions to reform its order so as to show whether the motion was heard entirely on affidavits and, if so, what affidavits were filed; and if it was heard partially on affidavits and partially on oral testimony or documents, how the latter were proved; and what facts were found by the court; with permission to the court, if in its opinion it will tend to clarify the facts and the right of the case, to grant a rehearing and permit the parties on such rehearing to introduce affidavits or oral testimony.

Reversed and remanded; costs divided.