Edwin M. Shaw and Maxine Shaw, Appellants, v. Reno Carrara, Appellee.

Gen. No. 41,677.

Heard in the third division of this court for the first district at the April term, 1941.

Opinion filed January 7, 1942. Rehearing denied January 22, 1942.

FREDERICK J. BERTRAM, of Chicago, for appellants.

STANLEY H. WOLFF, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Plaintiffs by their complaint filed in the circuit court of Cook county on April 30, 1940, sought damages for personal injuries suffered by them in Chicago on May 1, 1938, while they were passengers in a taxicab being operated by the Yellow Cab Company, a corporation, such injuries resulting from the alleged negligence of the defendant in operating his automobile. A writ of summons was duly issued and the return of the sheriff showed that it was served on the defendant on May 3, 1940, by leaving a copy thereof at his usual place of abode with his mother, and informing her of the contents thereof, and also by mailing a copy on the same day to the defendant at his usual place of abode. On July 6, 1940, a default order was entered against the defendant, he having failed to file an answer or otherwise make an appearance. On August 7, 1940, the court heard proofs submitted by the plaintiffs, found defendant guilty and entered a judgment in favor of Edwin M. Shaw in the sum of $600 and in favor of Maxine Shaw in the sum of $400. On October 4, 1940, an attorney retained by the defendant served notice on the attorney for plaintiffs that on October 7, 1940, he would petition the court to vacate the default and judgment and for leave to answer the complaint. On October 7, 1940, the petition was presented to the court, which thereupon vacated the judgment and granted leave to the defendant to file his appearance, answer and jury demand. This appeal is prosecuted by the plaintiffs for the purpose of reversing

the order of October 7, 1940, and of restoring the judgment entered on August 7, 1940.

The motion to vacate the judgment was decided on the facts set up in the petition. The court and the parties treated the argument of plaintiffs in opposing the petition as a motion to dismiss. Such oral motion to dismiss admitted whatever was well pleaded in the petition. It did not, of course, admit conclusions. As the plaintiffs did not file an answer to the petition, the court was required to consider as true all the facts that were well pleaded. Plaintiffs urge that the court had no right to act under section 72 of the Civil Practice Act (par. 196, ch. 110, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 104.072]). Defendant declares that his petition was not filed under the provisions of that section, but was based on the theory that the judgment was obtained without service on him; that the court was without jurisdiction to enter the judgment and that hence the court had the power to vacate the judgment, even after the expiration of the thirty-day period contemplated by paragraph 7 of section 50 of the Civil Practice Act (subpar. 7, par. 174, ch. 110, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 104.050]). Defendant seeks to come within the procedure followed in the case of *Nikola v. Campus Towers Building Corp.*, 303 Ill. App. 516. Regardless of the procedure followed the petition is required to set out sufficient ultimate facts to warrant the relief sought. The relevant portion of the petition reads:

"That he has a good and meritorious defense to the whole of Plaintiff's claim, in that he was not guilty of negligence as charged in the Plaintiff's Complaint, and that if given leave to appear and defend, he verily believes that he will be able to establish that fact, by competent evidence; that he was never served with summons in the above entitled cause; that his first knowledge that a judgment was entered against him was given him by the Operators License Department of

the Secretary of State in a letter received by him on September 2, 1940; that, therefore, his failure to plead was not due to any negligent action on his part; that the court had no jurisdiction of the defendant either by appearance or otherwise; that the return of summons by the Sheriff fails to show any service on the defendant, but that service was had on the defendant's mother at her own place of abode, which is a household separate and apart from that of the defendant; that defendant's mother is a foreign born Italian, and can neither read nor write, and did not in any way notify defendant of such services; that your petitioner is a married man, living with his wife, and maintaining and operating an apartment for himself and his wife at 715 West Briar Place in the City of Chicago, living therein separate and apart from any of the other members of his family; that there are no other occupants of his household other than his wife and himself.''

The defendant and his wife lived at 715 West Briar Place, Chicago. His mother resided in the same building. Their households are separate and apart. The petition is silent as to the parts of the building that are occupied by the mother and by the defendant. The petition is susceptible to the interpretation that the mother and defendant lived in the same apartment, but in separate households. The petition does not question the fact that the deputy sheriff delivered a copy of the summons to his mother. It does allege that she did not notify him of such service. It does not say that he did not receive a copy of the summons. The allegation that he was ''never served with summons'' is a mere conclusion. Defendant alleges that his first knowledge of the judgment was acquired on September 2, 1940, when a letter telling him about it was received from the Secretary of State. He does not, however, say that prior to September 2, 1940, he did not have knowledge that an action was pending. The return of the deputy sheriff shows that a copy of the summons was sent to

him through the United States mail, directed to the place where he resided at 715 West Briar Place, Chicago. The petition is silent as to whether this summons was received. As the petition is construed most strongly against him, we are bound to assume that he did receive the copy of the summons so mailed to him. Despite the fact that he did receive the copy of the summons which was mailed to him on May 3, 1940, and that on September 2, 1940, he had knowledge of the judgment, he did not present his petition to vacate such judgment until October 7, 1940. It will be observed that when he received the letter from the Secretary of State on September 2, 1940, there remained five days in which he could move to vacate the judgment before the expiration of the thirty-day period within which the court had discretionary power over the judgment under paragraph 7 of section 50 of the Civil Practice Act. He did not present his petition until 34 days after he learned that a judgment had been entered against him. The burden of showing that the judgment should be vacated was on the defendant. The petition that he presented and on which the court acted falls far short of showing that he acted with due diligence. In fact, the petition shows that he was not diligent. The defendant's brief calls our attention to several matters extraneous to the record. These we have, of course, ignored.

For the reasons stated the order entered by the circuit court of Cook county on October 7, 1940, which vacated the judgment entered on August 7, 1940, is reversed, and the judgment of August 7, 1940, is restored.

*Order of October 7, 1940, reversed and judgment of August 7, 1940, restored.*

HEBEL and KILEY, JJ., concur.