Helen Michalowski, Appellant, v. Adolph Stefanowski, Appellee.

Gen. No. 43,100.

Opinion filed December 13, 1944. Released for publication January 4, 1945.

VINCENT G. PONIC and STEPHEN LEE, both of Chicago, for appellant.

WACHOWSKI & WACHOWSKI, of Chicago, for appellee; CASIMIR R. WACHOWSKI, of Chicago, of counsel.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

On August 6, 1943 Helen Michalowski filed her statement of claim in the municipal court of Chicago praying judgment for $798, and interest, as the balance due on a loan of money allegedly made to Adolph Stefanowski, the defendant. A writ of summons was issued on August 6, 1943. The bailiff made a return on August 16, 1943 that the defendant could not be found. An alias summons was issued on August 27, 1943. On September 8, 1943 the bailiff again made a return that the defendant could not be found. A pluries summons was issued on September 30, 1943. On this summons the bailiff endorsed the following return:

"Served this writ on the within named defendant Adolph Stefanowski at his usual place of abode by delivering a copy thereof with a Praecipe and Statement of Claim and affidavit attached thereto, stamped by the clerk 'A True Copy,' to Antonette Stefanowski, wife a person of his family of the age of ten years or upwards and informing her of the contents thereof, in the City of Chicago, this 4th day of October, 1943. I hereby certify that I also sent a copy of this writ together with a copy of Praecipe and Statement of claim and affidavit attached thereto, stamped by the Clerk as 'A True Copy,' by mail in a sealed envelope, with the postage fully prepaid, addressed to said defendant Adolph Stefanowski at his usual place of abode 1914 S. Washtenaw Ave., in the City of Chicago this 5th day of October, 1943."

On October 11, 1943 an order of default for want of appearance was entered against defendant. On October 21, 1943 judgment was entered for plaintiff and against defendant for $798 and costs. On December 4, 1943 a writ of execution was issued. The return of the bailiff shows that a demand under this writ was made on defendant on December 21, 1943, and that the bailiff at that time also delivered to him a copy of the writ. On January 14, 1944 defendant's attorneys mailed a notice to the attorney for plaintiff that on January 18, 1944, they would ask the court to vacate the judgment in accordance with the verified petition, a copy of which was also mailed to plaintiff's attorney. The notice and verified petition were filed on January 18, 1944, and on the same day an appearance for the defendant was filed. Plaintiff was granted leave to file an answer to the petition. The petition reads:

"Your petitioner, Adolph Stefanowski, respectfully represents unto this court that he is the defendant in the above entitled cause. Your petitioner further states that it appears by the return of the Bailiff of

this court that he was served with summons on October 4, 1943 by leaving a copy of said summons with Antonette Stefanowski, his wife. Your petitioner in the above captioned case further states that the return of the Bailiff in this respect is not true and correct; that a copy of the summons was never left with his wife, Antonette Stefanowski for and on behalf of this petitioner, as a result of which service of summons was never had upon this petitioner and that the judgment entered in the above captioned cause on the 21st day of October, 1943 for $798.00 and $14.00 costs is null and void and of no effect, since this court never had jurisdiction of the person of this petitioner. Your petitioner further shows that he has a good and sufficient defense to the plaintiff's claim in that plaintiff never loaned him said money and her claim therefore is purely fictitious. Wherefore, your petitioner prays that the judgment heretofore entered against him on October 21st, 1943 in the above entitled cause be vacated and set aside; and that this court grant him such other and further relief as to your honor may seem meet."

The verified answer to the petition filed February 15, 1944, reads:

"Helen Michalowski, plaintiff and respondent to the petition to vacate the judgment herein says: 1. That as to the allegations in the first paragraph of defendant's petition, pertaining to the return of the Bailiff, the record herein imports verity. 2. That the matters asserted in the second paragraph of the petition are insufficient in law and fact, and respondent further avers said matters are insufficient to controvert the record of service of process herein. 3. As to the third paragraph of the said petition, respondent states the fact to be that defendant had ample notice of the proceeding herein, and the matters of said petition are insufficient in law and fact to grant the relief prayed."

On March 8, 1944 the court sustained the motion to vacate the judgment and entered a rule on the defendant to file a "defense" in 10 days. Plaintiff appeals from the order sustaining the motion to vacate the judgment and asks that such order be reversed.

Section 21 of the act establishing the municipal court of Chicago (par. 376, ch. 37, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 108.046]) provides:

". . . If no motion to vacate, set aside or modify any such judgment, order or decree shall be entered within thirty days after the entry of such judgment, order or decree, the same shall not be vacated, set aside or modified excepting upon appeal or writ of error, or by a bill in equity, or by a petition to said Municipal Court setting forth grounds for vacating, setting aside or modifying the same, which would be sufficient to cause the same to be vacated, set aside or modified by a bill in equity; Provided, however, that all errors in fact in the proceedings in such case, which might have been corrected at common law by the writ of error coram nobis may be corrected by motion, or the judgment may be set aside, in the manner provided by law for similar cases in the circuit courts."

In the instant case judgment was entered on October 21, 1943. The motion to vacate the judgment was made on January 18, 1944, more than 30 days after the entry of judgment. The source of the power of the municipal court to vacate the judgment is section 21 of the Municipal Court Act. The petition does not indicate whether it is filed under the clause of section 21 providing for a petition setting forth grounds for vacating, setting aside or modifying the judgment which would be sufficient to cause the same to be vacated, set aside or modified by a bill in equity, or under the clause allowing the granting of relief on a motion in place of the common-law writ of error *coram nobis*. Plaintiff urges that after the 30-day period following

the entry of the judgment, the parties are bound by the bailiff's return unless a false return has been procured by the fraud of the plaintiff; that the petition to vacate is required to set out sufficient ultimate facts to warrant relief; and that a proceeding under section 21 requires the allegation of facts and supporting affidavits. Defendant points to rule 42 of the municipal court of Chicago as follows:

"(1) All objections to pleadings shall be raised by motion. Such motion shall point out specifically the defects complained of, and shall ask for such relief as the nature of the defects may make appropriate, such as the dismissal of the action or the entry of a judgment where a pleading is substantially insufficient in law, or that a pleading be made more definite and certain in a specified particular, or that designated immaterial matter be stricken out, or that necessary parties be added, or that designated misjoined parties be dismissed, and so forth.

"(2) Where a pleading or a division thereof is objected to by a motion to dismiss or for judgment or to strike out the pleading, because it is substantially insufficient in law, the motion must specify wherein such pleading or division thereof is insufficient."

Relying on this rule, defendant states that plaintiff, instead of filing a motion to strike as required by the rule, filed an answer in which she specifically alleged that the petition was insufficient in law to controvert the record of service of process. Defendant also states that the court was not asked, nor did it rule upon the answer of plaintiff to the petition; that if the answer be considered a motion to strike, the record does not show that the motion was overruled or sustained; and that the record affirmatively shows by the order entered March 8, 1944 that the answer was not even urged for consideration by the court. In our opinion the petition was insufficient. The proper procedure

would be for plaintiff to file a motion to strike the petition and to deny the relief prayed therein. However, plaintiff filed an answer which raised only questions of law. An answer should admit the facts well pleaded, or by denial or statement of an affirmative defense present or aid in presenting an issue of fact. The defendant did not move to strike the answer. It is apparent that the court and the parties treated the answer as the equivalent of a motion to strike the petition.

The matter of allowing the motion to vacate the judgment was argued before the court on March 8, 1944, and the record recites that the trial judge was fully advised in the premises prior to ruling on the motion. We treat the answer to the petition as the equivalent of a motion to strike. The effect of the trial court's order was to rule adversely to plaintiff on the points raised in her answer. There was no issue of fact to be decided and no evidence was heard. Defendant does not contend that the return was procured by any fraud on the part of plaintiff. In the case of *Nikola v. Campus Towers Apartment Bldg. Corp.*, 303 Ill. App. 516, we reviewed the law on the subject under discussion and said (526):

"It is clear, therefore, that where the sheriff, through mistake, has made a false return, that the defendant therein may obtain relief by filing a complaint in chancery. The burden then rests on the plaintiff in the chancery case to establish the allegations of his complaint. Every presumption in favor of the return is indulged, and it will not be set aside upon the uncorroborated testimony of the party upon whom service purports to have been made. If it be clear from the evidence that the plaintiff in the chancery case has not been served, the judgment should be set aside."

We will treat the petition as filed under the clause of section 21 providing for a petition purporting to set

forth grounds sufficient to vacate by a complaint in equity. In the municipal court, after the lapse of 30 days from the entry of the judgment, relief may be had in a proper case by a petition setting up ultimate facts which would entitle such petitioner to relief in equity. Clearly, the petition filed by defendant does not purport to set forth any ultimate facts which would entitle him to relief under a motion to correct errors in fact which might have been corrected at law by the writ of error *coram nobis*. If the defendant was entitled to any relief by his petition, it was under that provision of section 21 allowing the municipal court on petition to grant relief which could be granted by a court of chancery. This is a broader jurisdiction than that allowed by a motion taking the place of a writ of error *coram nobis*. In the case of *Shaw v. Carrara*, 312 Ill. App. 410, we held that a petition to vacate a judgment after the term has expired is required to set out sufficient ultimate facts to warrant relief. It will be observed that the return of the bailiff states that he served the summons on defendant by delivering a copy thereof with the praecipe and statement of claim and affidavit attached thereto to the wife of defendant, and that he also informed her of the contents thereof. The petition states that the copy of the summons was not left with the wife of defendant "for and on behalf of defendant." This is not a denial that a copy of the summons was left with the wife of the defendant. The petition does not deny that the bailiff informed the wife of defendant of the contents of the summons. The return of the bailiff certifies that on October 5, 1943 he sent a copy of the summons, together with a copy of the praecipe, statement of claim and affidavit, by mail in a sealed envelope, with the postage fully prepaid, addressed to defendant at his usual place of abode at 1914 South Washtenaw avenue, Chicago. There is no denial of the receipt of the copy of the summons through the mail, nor that the address given

was the usual place of abode of defendant. As the petition is construed most strongly against defendant, we are bound to assume that he did receive the copy of the summons so mailed to him. Despite the fact that he was served with the summons on October 4, 1943, and that a copy of the summons was mailed to him on October 5, 1943, and that a copy of the execution was delivered to him on December 21, 1943; he did not file his petition to vacate the judgment until January 18, 1944. The burden of showing that the judgment should be vacated was on the defendant. The petition on which the court acted did not set forth grounds for vacating the judgment which would be sufficient to cause the same to be vacated by a complaint in equity, nor was it sufficient as a motion to correct an error in fact which might have been corrected at common law by the writ of error *coram nobis*.

The order of the municipal court of Chicago entered on March 8, 1944 vacating the judgment of October 21, 1943 and ruling defendant to file a ''defense'' in 10 days, is reversed.

*Order reversed.*

KILEY and LUPE, JJ., concur.