**CAMPBELL v. CAMPBELL.**

No. 538.

Municipal Court of Appeals for the
District of Columbia.

May 5, 1948.

Harry Friedman, of Washington, D. C., for appellant.

Joseph J. Lyman, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This is an appeal from an order of the trial court setting aside a judgment which had been entered "paid and satisfied" after execution through garnishment proceedings.

The relevant facts are these. On February 4, 1946, there was filed in the trial court a complaint charging violation by defendant of the OPA ceiling in the sale of a used automobile. A document purporting to be a carbon copy of this complaint, together with the usual summons, was served on the defendant personally on February 11. Defendant did not appear on the return day. His default was entered, ex parte proof was received and a finding for plaintiff was made in the sum of $1,694, representing treble the amount of the alleged overcharge, plus an attorney's fee of $100, plus interest and costs. The finding followed exactly the amount claimed in the complaint and the amount shown by the ex parte proof. Judgment in this amount was entered on February 28. On June 15 garnishment interrogatories were directed to a local bank in an effort to collect the amount of the judgment.

Defendant then filed two motions June 22, one to set aside the judgment and the other to quash the garnishment proceedings. Both motions were supported by affidavits in which it was alleged in substance that defendant's failure to appear at the hearing on February 27 was because of his misunderstanding as to the date for the original hearing. Both motions were denied. The bank answered the interrogatories by stating that it held sufficient funds of the defendant in a checking account to cover the judgment. Condemnation for the full amount of the judgment was made on August 14 and the judgment was then entered paid and satisfied.

On April 3, 1947, defendant through a new attorney filed a second motion to vacate the judgment supported by his affidavit that the purported carbon copy of the complaint served on him February 11, 1946, was in fact not a true copy of the complaint; that the original on file with the court had been altered without his knowledge or consent; that no leave to amend had been requested or acted upon by the court; that no amended complaint had been served upon him; that he had first learned in January 1947 that the purported copy of the complaint served on him was not a true copy of the complaint upon which judgment was procured; and that he had a "full and complete meritorious defense to the claim." A copy of this motion was served on counsel who had appeared for plaintiff in all of the prior proceedings and another copy was mailed, postage prepaid, to plaintiff at the District of Columbia address given by him in his original complaint. At the time this motion was filed plaintiff was no longer a resident of the District of Columbia but was a resident of Maryland. The record does not reveal whether plaintiff received the copy of the motion sent him by mail. The motion to vacate the judgment was granted after hearing on May 26, 1947. Plaintiff did not appear at this hearing but opposition to the granting of the motion was argued by his attorney who ap-

peared specially for the purpose of the motion, and who has prosecuted this appeal.

At the hearing on the motion there was produced the original complaint on .file with the court and also the original summons as served on defendant, together with the copy of the complaint attached to such summons. As shown by the copy, the principal allegation was that defendant had sold to plaintiff a "1942 Buick automobile," that in part payment plaintiff had delivered to defendant a "1940 Nash automobile," that plaintiff had paid a total of $1,470.60 for the Buick automobile, whereas the ceiling price therefor was $902.60 and that in consequence plaintiff had been overcharged $568 and was entitled to recover judgment for three times that sum or $1,694, plus reasonable counsel fees, interest and costs. The typewritten complaint on file in the court at the time of the hearing on the motion to vacate the judgment was identical with such copy both as to wording, figures and spacing, with two exceptions, namely, that the year of the Buick automobile was changed on the court original in ink from .1942 to 1940, and the year of the Nash automobile was changed in ink from 1940 to 1937.

Following the hearing on the motion to set aside the judgment, the trial court made findings of fact to the effect that changes in the complaint had been made, that "Neither party to the controversy could account for this change, nor did counsel for either party have any knowledge or recollection concerning the change except that plaintiff's counsel states that, as originally filed, the complaint and copy served on defendant were identical." The trial court also found originally that a material variation existed between the complaint "as originally filed" and the copy as served on the defendant. This in effect was a finding that the original complaint was changed before it was filed. Based upon this finding, the court concluded that the judgment was void and set it aside.

Since no evidence was recited in the record to support the finding that a material variation existed between the com-plaint as originally filed and as served on defendant, and the finding was contrary to the statement of plaintiff's counsel that the complaint as originally filed .was identical with the copy served on defendant, we ordered the record resubmitted to the trial court with instructions to determine, if possible, when and under what circumstances the alteration in the complaint was made.[1] The trial court, after hearings, transmitted to us a supplemental record stating that it previously had been "presumed" that the Municipal Court records had not been tampered with, and that the original proof offered ex parte was inconsistent with the copy of the complaint served upon the defendant but was consistent with the "amendment" made in ink on the original complaint. It changed its original finding to read that a material variation existed between the complaint "on file" and the copy as served on the defendant. The trial court made no finding as to when or under what circumstances the complaint was changed, but transmitted to us a transcript of the supplemental hearings. We have carefully examined this transcript. It shows that everyone suggested by either counsel, including counsel themselves, as having any possible connection with the matter denied under oath making the alterations.

Appellant, who was plaintiff in the original action, attacks the conclusion of the trial court that the judgment was void, and urges that the attack upon the judgment came too late, and that in any event the trial court had no jurisdiction in the proceedings to set aside the judgment because the judgment creditor was not personally served with notice of the proceedings and that service upon his prior counsel was ineffective to bring him before the court. Appellee, defendant in the original action, opposes each of these positions and also urges that the order of the trial court is not appealable as not being a final order disposing of the original suit on its merits.

We are clear that the order of the trial court vacating the judgment was an appealable order. Where a judgment is claimed to be void, under the circum-

---

[1] Consolidated Radio Artists v. Washington Section, etc., 70 App.D.C. 262, 105 F.2d 785.

stances of this case, proceedings to set the judgment aside are considered as an independent action and an order disposing of such proceedings is final and reviewable.[2]

We have also concluded that there was insufficient evidence to support the trial court's conclusion that the original judgment was void. That conclusion was based upon the finding that the copy of the complaint as served upon defendant differed materially from the complaint as filed in court. We need not decide whether the conclusion would have been correct had the finding of fact been correct. The finding was not supported by the evidence, and it has now been changed by the trial court itself.

As we have had occasion to state very recently,[3] a motion to vacate made under the circumstances here present must be considered as unseasonably filed and treated as a collateral attack on the judgment, and it is settled that a judgment is not subject to collateral attack unless it is void. Furthermore, a judgment is not void unless it appears from the record that the court rendering it had no jurisdiction of the parties or the subject matter or that the judgment was beyond the authority of the court. There has been no serious suggestion that the court in the present case had no jurisdiction over the subject matter or over the parties, and hence the only question raised is whether the court had authority to render the judgment. We have no doubt that it had.

A default judgment which is regular on its face will be presumed to have been regularly entered where the record shows nothing inconsistent with the presumption, and the party who seeks to have the judgment opened or set aside has the burden of proving the facts entitling

him to the relief asked.[4] "A default judgment by the court upon an amended complaint not served upon the defendant, though erroneous, is not void."[5]

Municipal Court rule 49(b), following rule 54(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides, "A judgment by default shall not be different in kind or exceed in amount that prayed for in the demand for judgment." This rule is in accordance with the common law principle that the pleadings and the proof must correspond.[6] To be fatal, however, a variance between the complaint and proof must be material and substantial, and if the variance results in no prejudice to the defendant and does not mislead him then the variance usually is not material.[7] Here the judgment awarded against defendant was the same in kind as that stated in the complaint as served on defendant, and the amount of the judgment was identical with that claimed.

Likewise it can not be claimed that the changes made were prejudicial to defendant because at the second hearing held by the trial court defendant himself testified that when the copy of the complaint was served on him both he and his manager observed that the years of the cars involved were misstated and that his then counsel was so informed. It was subsequent to receiving this information that the former counsel filed a motion to set the judgment aside on other grounds without mentioning the mistakes in the complaint. Under such circumstances we conclude that the defendant can not now be heard to claim that the slight changes were such as to prejudice his opportunity to defend on the merits when he elected not to appear after proper service had been made upon him.

[2] Consolidated Radio Artists v. Washington Section, etc., 70 App.D.C. 262, 105 F.2d 785; Marvin's Credit, Inc., v. Kitching, D.C.Mun.App., 34 A.2d 866.

[3] Wade v. Union Storage & Transfer Co., D.C.Mun.App., 58 A.2d 493.

[4] Evers v. Watson, 156 U.S. 527, 15 S. Ct. 430, 39 L.Ed. 520; O'Neal v. B. F. Goodrich Rubber Co., 204 Ark. 371, 162

S.W.2d 52; Shaw v. Carrara, 312 Ill. App. 410, 38 N.E.2d 785.

[5] 3 Freeman, Judgments, 5th Ed., § 1297.

[6] Arrick v. Fry, 8 App.D.C. 125.

[7] Pope v. Allis, 115 U.S. 363, 6 S.Ct. 69, 29 L.Ed. 393; Bass v. Hawley, 5 Cir., 62 F.2d 721; 7 Cyclopedia of Federal Procedure, 2d Ed., § 3344; and cf. Hunter Milling Co. v. Koch, 10 Cir., 82 F.2d 735.

Since our decision on this phase of the case requires a reversal of the order setting aside the judgment, it is unnecessary to discuss in detail the point made by plaintiff that the order of the trial court invalidating the judgment was itself invalid because there was no personal service of the motion therefor upon plaintiff. Since the action to set aside the judgment must be considered as an independent action, the same requirements of jurisdictional service would apply as in other cases of beginning suit.[8] Here the only service made was upon plaintiff's original attorney. Under such circumstances it has been held that personal service upon a party is not accomplished by service on the attorney of record in the original action.[9]

Reversed.

---

[8] Indemnity Insurance Co. v. Smoot, 80 U.S.App.D.C. 287, 152 F.2d 667, 163 A.L.R. 498, certiorari denied 328 U.S. 835, 66 S.Ct. 981, 90 L.Ed. 1611.

[9] 1 Freeman, Judgments, 5th Ed., § 279. This rule is subject to certain exceptions not pertinent here.