## CLARKE v. HIGDON.
### No. 1051.

Municipal Court of Appeals District of Columbia.

Submitted May 21, 1951.

Decided June 20, 1951.

Otho D. Branson, Washington, D. C., for appellant.

Ralph F. Berlow, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Judges.

HOOD, Judge.

Plaintiff-appellee sued defendant-appellant for $450 on a complaint designated as being one on account stated. Judgment by default was taken.[1] A motion to set aside the default judgment was denied. Thereafter plaintiff moved for leave to file an amended complaint and for judgment thereon. This motion was denied by Judge Myers, the record indicating that plaintiff's attorney failed to appear. The motion was renewed before Judge Fennell who dismissed it without prejudice, apparently because of no record showing the excuse for plaintiff's counsel's nonappearance at the previous hearing before Judge Myers. Plaintiff then filed a new motion, supported by affidavit of counsel explaining his previous nonappearance, and Judge Casey granted leave to file the amended complaint and granted judgment thereon. The amended complaint was somewhat in more detail than the original but the main difference was that the amended complaint sought judgment for $550 instead of $450.

Appellant makes the point that Judge Fennell's ruling constituted the law of the case and that Judge Casey was in error in ruling contrary to it. This argument is based on the statement in the brief that Judge Fennell dismissed the motion "with prejudice." However the record plainly shows that the dismissal was "without prejudice" and we think it is clear that neither Judge Myers nor Judge Fennell passed upon the merits of the motion. Thus Judge Casey was free to do so when the motion was brought before him.

1. The entry in the original papers in the trial court is: "Judgment by default by consent of deft."

A more serious question relates to the granting of the motion for judgment. Neither the record on appeal nor the record in the trial court, which we have examined, is very clear. The record shows judgment by default, but the statement of proceedings and evidence indicates that ex parte proof was taken before Chief Judge Barse and when it was discovered that the complaint should have asked $550 instead of $450, Judge Barse suggested the filing of an amended complaint. Whether judgment for $450 was ever entered is not clear, and it may be that the entry of judgment by default meant only entry of default.

However all that may be, it is clear that when the amended complaint, seeking a larger amount, was permitted to be filed, the default was opened. It is a well settled rule that where after a default, a complaint amended in a matter of substance is filed, the previous default is opened.[2] The amended complaint took the place of the original complaint and defendant was no longer in default. It was error to grant leave to file the amended complaint and to simultaneously grant judgment thereon. The defendant was entitled to an opportunity to plead and to defend.

Reversed.

---

2. Freeman on Judgments (5th ed.) § 1278; 49 C.J.S.. Judgments, § 338. See also

Campbell v. Campbell, D.C.Mun.App., 58 A.2d 825.