## Evelyn S. Jones, Appellee, v. J. Edward Jones, Appellant.

Gen. No. 48,349.

First District, Second Division.

June 30, 1961.

Rehearing denied September 8, 1961.

J. Edward Jones, of Elmwood Park, for appellant; Friedman, Friedman & Armstrong, of Chicago, for appellee. Opinion by MR. PRESIDING JUSTICE FRIEND. Not to be published in full.

## Reiser & Dalleck, d/b/a Englewood Finance Company, Plaintiffs-Appellees, v. Ralph Bevineau & J. L. Thomas White, Defendants. J. L. Thomas White, Certain Defendant-Appellant.

Gen. No. 48,356.

First District, Second Division.

June 30, 1961.

Geter & Geter, Benjamin C. Duster, of Chicago (Howard D. Geter, Sr., Howard D. Geter, Jr., Benjamin C. Duster, of counsel) for appellant.

MR. JUSTICE BRYANT delivered the opinion of the court:

The plaintiff, Reiser & Dalleck, d/b/a Englewood Finance Company, obtained a judgment by confession for $200.00 and costs against Ralph Bevineau on May 19, 1959. On May 25, 1959, plaintiff's attorney, without first having served a wage demand upon the debtor or his employer, defendant J. L. Thomas White, caused a summons in garnishment and interrogatories to issue for the defendant employer. On June 10, 1959, a conditional judgment by default was entered against the defendant White. On June 15, 1959, a scire facias was issued for the defendant and on July 1, 1959, the conditional judgment of June 10, 1959, was made final by default.

On November 4, 1959, the answer of defendant to the interrogatories issued May 25, 1959, reached the

file in the Municipal Court of Chicago. On November 5, 1959, Plaintiff moved the court for judgment on the answer of $38.00 and on January 11, 1960, plaintiff's attorney accepted a check from defendant for $38.00.

On August 29, 1960, Plaintiff's attorney caused a summons in garnishment and interrogatories to be issued for Illinois National Bank & Trust Co. of Rockford, Illinois to garnishee the funds of defendant on the ground that the defendant was still indebted to the plaintiff as a result of the judgment of July 1, 1959. On September 21, 1960, judgment was entered against the defendant and Illinois National Bank & Trust Company for $206.08. On October 20, 1960, defendant filed motions to vacate the judgments of June 10, 1959, July 1, 1959 and September 21, 1960 on the theory that the judgment of June 10, 1959 was void and all subsequent proceedings based on that judgment were void. From the order of October 25, 1960 of the Municipal Court of Chicago denying the motion, defendant appeals.

■ In his motion to vacate, the defendant stated by affidavit that the judgment debtor was a wage earner employed by the defendant and that such fact was known to the plaintiff and that the defendant had not been served with a wage demand in garnishment. Plaintiff did not deny this contention and consequently, it must be accepted. Ch 110, sec 40(2) Ill Rev Stat; Shaw v. Carrara, 312 Ill App 410, 38 NE2d 785.

"Before bringing suit a demand in writing shall be served upon the employer and upon the employe . . . before it shall be lawful to issue a summons in such case, or to require an employer to answer in any garnishee proceedings. Any judgment rendered without said demand being served upon the employe, and so proven and filed as aforesaid, shall be void." Ch 62, par 14, Ill Rev Stat.

66

■ The judgment of June 10, 1959, being void, (Walker v. O'Gara Coal Co., 140 Ill App 279; Boyne v. Vandalia Ry. Co., 128 Ill App 191) the subsequent judgments of July 1, 1959 and September 21, 1960, both of which were predicated upon the judgment of June 10, 1959, were also void.

The order of the Municipal Court of Chicago denying the motion to vacate the judgments in question is reversed and the cause is remanded with directions to enter judgment for the defendant garnishee.

Judgment reversed and cause remanded with directions.

FRIEND, P. J., and BURKE, J. concur.