## STAFFAN *v.* ZEUST.

EJECTMENT; ACTIONS IN PERSONAM AND IN REM; SERVICE BY PUBLICATION; R. S. D. C., SEC. 787.

1. The action of ejectment in this District is not a proceeding *in rem*, but is a proceeding *in personam*, involving the right to the possession of the property described in the declaration.
2. No valid judgment *in personam* can be founded upon mere constructive notice to the defendant by publication.
3. Sec. 787, R. S. D. C., allowing service by publication "in all actions at law or in equity which have for their immediate object the enforcement or establishment of any lawful right, claim, or demand to or against any real or personal property within the jurisdiction of the court," does not embrace the action of ejectment for the recovery of land.
4. *Quære*, whether it would be competent for Congress to allow service by publication in ejectment or any other preceeding *in personam.*

No. 641. Submitted January 5, 1897. Decided February 16, 1897.

HEARING on an appeal by the plaintiff from an order setting aside an order of publication against an absent defendant in an action of ejectment. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Franklin H. Mackey* and *Mr. Walter C. Clephane* for the appellant:

1. The action of ejectment is not a statutory one, but is one originally devised by the courts to supply the deficiency of the old common law, and by the courts remodeled and adapted to the needs of litigants from time to time as circumstances demanded.

2. It is contended by the appellant in this case that under the modified practice in ejectment suits and under the statutes in force in our jurisdiction it is not necessary for the tenant actually in possession of the real estate in controversy to be made a party to the suit, and that the landlord is the proper defendant.

Under the statute of 11 George II, Ch. 19, Sec. 13, the landlord of the tenant in possession could be made a party defendant not only with but instead of the tenant. Abert's Comp. 332. By section 809, R. S. D. C., "all fictions in the pleadings in the action of ejectment within the District are abolished, and all actions for the recovery of real estate shall be commenced in the name of the real party in interest and against the party claiming to own or be possessed thereof." These statutes remove nearly every vestige of the old common law action of ejectment and convert the proceeding into a direct action by the claimant against the person pretending to be the owner, for the recovery of the land itself—in other words, making an action *in rem.*

Common law rules 7 and 8 of the Supreme Court of the District of Columbia are founded on the statutes cited above, simplify the declaration, and permit the tenant, if he can by any possibility be injured by not making him a party defendant, to come in and present his rights for adjudication.

It has been held in New York and South Carolina that it is not necessary to bring the tenant into the action as a party defendant, and that the landlord is the proper defendant, even though he never was in possession of the land

except by his tenant. *Finnegan* v. *Carraher*, 47 N. Y. 493; *Binda* v. *Benbow,* 11 Rich. Law, 24.

3. An order of publication against an absent defendant in ejectment is expressly authorized by statute in this District. Sec. 787, R. S. D. C.

4. A suit originally *in personam* may become, through subsequent proceedings, an action *in rem. Cooper* v. *Reynolds,* 10 Wall. 318; *Arndt* v. *Griggs,* 134 U. S. 316. An ejectment suit is an action *in rem. Pennoyer* v. *Neff,* 95 U. S. 734.

5. The Supreme Court of the United States has practically decided that section 787, R. S. D. C., applies to ejectment suits. In the case of *Lynch* v. *Murphy,* 161 U. S. 247, which went up from this District, the able counsel who now represent the appellee in this case raised precisely the same point which is now raised in the case at bar. The only difference between the case just cited and the present case was that the former was an equity proceeding brought to secure the cancellation of a deed of trust upon certain land situated in Washington City. This is a case at law. There can be no question that if this were an equity proceeding having the same object in view service by publication would be proper. The Supreme Court held that service by publication was authorized by Sec. 787, R. S. D. C., and disposes of the contention here made by counsel for the appellee by citing a former Supreme Court case, to wit, the case of *Arndt* v. *Griggs,* 134 U. S. 316, which was a suit in ejectment brought under a Nebraska statute substantially similar to that in force in this District.

This is an action at law which has for its "immediate object" the enforcement or establishment of a "lawful right, claim, or demand to or against . . . real . . . property within the jurisdiction of the court." It seeks to establish the title to such real estate. In other words, it seeks the establishment of a "lawful right" to it. Could any kind of action come more plainly within the express

wording of the statute? It has been decided in many juris-
dictions that service by publication in ejectment suits is
sufficient. *Venable* v. *Dutch,* 37 Kan. 515; *Young* v. *Upshur,*
42 La. Ann. 362.

*Mr. Calderon Carlisle* and *Mr. Wm. G. Johnson* for the ap-
pellee:

1. The court cannot lawfully proceed without personal
service of process in an action of ejectment. No well-
grounded reason can be assigned for proceeding by publica-
tion in ejectment. The action is trespass; essentially for a
tort, the ouster of the plaintiff. The ground of the action
is that the plaintiff has been expelled from the premises and
is kept out by the defendant. If the premises be unoccu-
pied there can be no action of ejectment, but the plaintiff
may take possession and if any one sets up a claim affecting
the title he may, being in possession, have his remedy in
equity. If the premises be occupied, then whoever be the
occupier or whatever be his claim of title, whether in him-
self or through a landlord, he is a tort feasor and may be
proceeded against *in personam,* and judgment for possession,
not an adjudication of title, follows.

The expulsion and detention, the trespass for which eject-
ment is maintainable, are torts of a physical nature. Noth-
ing short of physical occupation and resistance of the plain-
tiff's entry can support the action, and whosoever does this,
whether under claim of right, or as the tenant, agent, or
bailiff of one claiming the title, is necessarily a wrongdoer
and may be proceeded against by ejectment.

2. The action of ejectment is not embraced within the
terms of Section 787, R. S. D. C., nor can that section be
properly construed to embrace such an action.

It will be observed that the statute admits of division
into two parts. The first part comprehends suits for parti-
tion, divorce, by attachment, foreclosure of mortgages and
deeds of trust, and the enforcement of all liens against real

.or personal property; while the second part embraces every proceeding at law or in equity which has for its immediate object the enforcement or establishment of any lawful right, claim or demand to or against any real or personal property within the jurisdiction of the court. In the first clause provision is made for publication against parties in proceedings where the property is not already in the jurisdiction of the court, but is brought within it by the proceeding itself; while the second clause of the statute is made to cover proceedings with respect to property already within the jurisdiction of the court.

The action of ejectment, however, has no such effect. The institution of the proceeding does not bring the property within the jurisdiction of the court. The power of the court cannot touch the property involved in an action of ejectment until after final judgment, execution being the only process of the court which touches the property itself in this action; while the mere institution of the proceedings in the cases described in the act, brings the property within the jurisdiction of the court, subject to its manual seizure and custody throughout the proceedings should such be required for the purposes of justice.

The second clause of the statute is by its language appropriately framed to cover cases strictly *in rem.* It is the enforcement or establishment of a right, claim, or demand, not against any person in respect of any property, but in express terms "to or against any real or personal property," and the whole statute taken together comprehends the two classes of proceedings *in rem* in the "strict" and "the larger or more general sense" as explained by the Supreme Court in *Pennoyer* v. *Neff,* 95 U. S. 734.

But the action of ejectment is not a proceeding *in rem* of either of the classes embraced in the decision of the court in *Pennoyer* v. *Neff.* It is distinctly *in personam* for the alleged tort of the defendant and the only process of the court which touches the *res* is the execution after judgment.

Where the jurisdiction of the court does not attach to the property itself until after judgment against the defendant, the proceeding cannot be said to be *in rem*, in either the " strict " or " larger or more general sense " spoken of by the Supreme Court. The rule laid down in *Pennoyer* v. *Neff*, by the Supreme Court, has never been qualified by any of its subsequent decisions.

It is not denied that the legislature may declare what shall constitute title to real estate, how that title shall be evidenced, or what form of procedure shall be pursued in the courts for the purpose of ascertaining and establishing title. But such is not the function of an action of ejectment in this District.

The construction of the statute in force in this District is not an open question. It has already been construed by the Supreme Court of the United States in *Hogan* v. *Kurtz*, 94 U. S. 773. In that case it was claimed by counsel for the plaintiff in error that the period of limitations applicable to the action of ejectment was no longer applicable to the action in this District, because by force of the statute abolishing fictions, and requiring the action to be brought in the name of the real party against the person in possession, or claiming to own the property, it was converted into a writ of right, where the right of property was tried, and that it became a droitural action. But the court overruled this contention. Nor was the court unmindful of its previous decisions in *Miles* v. *Caldwell*, 2 Wall. 35, and *Blanchard* v. *Brown*, 3 Wall. 245, for it further states in the opinion : " State laws abolishing such fictions sometime provide what the effect of the new provision shall be, and it is settled law that the State regulation in that regard is a rule of property which the Federal courts must follow;" citing these cases. And the court concludes its discussion of this question with the statement: " Beyond question, the action is still an action of ejectment."

The cases of *Lynch* v. *Murphy*, 161 U. S. 247, and *Arndt*

v. *Griggs*, 134 U. S. 316, so much relied on by counsel for the appellant, have no application whatever to this case.

It is attempted to bring the case within the class of proceedings *in rem* in the " larger sense " upon the theory that by reason of the abolition of fictions in pleading in ejectment the action is one to determine title. But the action of ejectment in this District is not a proceeding to establish or quiet title, but is a proceeding *in personam* for a tort, and being such, is not within the principles of any of the decisions justifying the substitution of publication for personal service of process.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This is an action of ejectment, the declaration in which is framed under rule 10 of the Supreme Court of the District of Columbia. The plaintiff, George Staffan, sues to recover the possession of premises described in the declaration, stating the nature and extent of his estate and interest therein. Of this estate and interest in the premises he alleges that he was lawfully possessed on the 10th day of November, 1892, " when the defendant *entered the premises and unlawfully ejected the plaintiff therefrom, and from thence hitherto unlawfully detained and still detains the same from the plaintiff.*"

With this declaration is joined a count for money payable by the defendant, Anna Zeust, to the plaintiff for rents, issues and profits of the premises sued for, to the amount of $4,000, which amount the plaintiff claims, with costs of suit.

Upon this declaration a writ of summons was issued, under the rule of court, against the defendant, commanding her to appear "to answer the plaintiff's suit and show why he should not have judgment against her for the cause of action stated in the declaration." This summons was returned by the marshal, "not to be found." Whereupon the plaintiff obtained an order of publication against the de-

fendant, and published the same once in each of three successive weeks in the "Washington Law Reporter," and the "Evening Star," whereby the defendant was required to cause her appearance to be entered to the suit, on or before a certain day named, otherwise the cause would be proceeded with as in case of default. This order, the defendant, upon special appearance, moved to set aside, upon the ground that the court was without jurisdiction to proceed against the defendant in the action upon such notice by publication. Upon this motion, the order of publication was set aside by the court, and hence this appeal.

The question, and only question on this appeal, is, whether the mere constructive notice to the defendant, given by the order of publication, duly published, just referred to, is sufficient upon which to base a judgment by default in an action of ejectment, and for mesne profits, such judgment to be executed by a writ of *habere facias possessionem* and *fieri facias* against the defendant.

This appears to be an attempt to introduce a new practice in this District in actions of ejectment, and such as has never been sanctioned in any jurisdiction where common law process obtains. It has never been supposed that a valid judgment in a common law action of ejectment could be founded upon a mere constructive notice to the defendant, alleged to be in the actual possession of the premises claimed.

But it is argued on behalf of the plaintiff that this new practice is fully authorized by the operation and effect of two sections of the Revised Statutes of the United States relating to the District of Columbia, being sections 787 and 809.

By the last of these two sections, it is provided that "all *fictions in the pleadings* in the action of ejectment within the District are abolished, and all actions for the recovery of real estate shall be commenced in the name of the real party in interest against the party claiming to own or be possessed thereof." And by the first of the sections men-

tioned, it is provided, that, "Publication may be substituted for personal service of process upon any defendant who cannot be found, in suits for partition, divorce, by attachment, for the foreclosure of mortgages and deeds of trust, and for the enforcement of mechanics' liens and all other liens against real or personal property; and in all actions at law or in equity which have for their immediate object the enforcement or establishment of any lawful right, claim, or demand, to or against any real or personal property within the jurisdiction of the court."

With respect to section 809, the Supreme Court of the United States, in the case of *Hogan* v. *Kurtz,* 94 U. S. 773, 775, have declared, that "fictions are abolished where the pleadings are in ejectment; but the action of ejectment is not abolished, nor is there any provision in the act making any other alteration in the form of the action than that it shall be commenced in the name of the real party in interest, and against the owner or the party in possession;" citing Jackson on Real Actions, 284. "Beyond question," says the court, "the action is still an action of ejectment, and the plaintiff must still recover on the strength of his own title, and not on the weakness of that of his adversary;" citing *Watts* v. *Lindsey,* 7 Wheat. 161; *Gilmer* v. *Poindexter,* 10 How. 267.

What is the action of ejectment and the nature of the recovery therein?

In 2 Greenleaf Ev., Sec. 303 (12th Ed.), it is said: "This, which was originally a personal action of trespass, is now a mixed action, for the recovery of land and damages, and is become the principal, and, in some States, the only action by which the title to real estate is tried and land recovered. . . . But in all the forms of remedy, as they are now used in practice, the essential principles are the same, at least so far as the law of evidence is concerned. The real plaintiff, in every form, recovers only on the strength of *his own title*; and he must show that he has the *legal interest*

and a *possessory title*, not barred by the statute of limitations."
And in section 304, the author says: "When the title of the
plaintiff in ejectment is controverted under the *general issue*,
he must prove (1) that he had the legal estate in the prem-
ises at the time of the claim laid in the declaration; (2) that
he also had the *right of entry*; and (3) that the defendant, or
those claiming under him, were in *possession* of the premises
at the time of process served."

If, however, the premises be wholly unoccupied it is not
necessary for the claimant, who has the right of possession,
to proceed by ejectment, for he may enter upon the prem-
ises without process of law, and if trespass be brought against
him he may justify in a plea of *liberum tenementum*, if he be
the owner of the freehold, or by showing that he has the
prior and superior right of possession to that of the party
who may question his right of entry. *Taunton* v. *Custar*, 7
T. Rep. 431, 432. An ejectment is a suit in which the
defendant is considered as a trespasser, a wrongdoer, and
which wrong and trespass afford the foundation for the
action. *Birch* v. *Wright*, 1 T. Rep. 378, 387. Without pos-
session of the defendant no such wrong has been done the
plaintiff as will justify an action of ejectment. The action
of ejectment is, strictly speaking, a possessory action, the
plaintiff being required to show a present legal right to the
possession of the premises as against the defendant. This
may be done by evidence to establish the fact of prior pos-
session by the plaintiff, even though that possession be for
a time less than twenty years; such possession being suffi-
cient to give rise to the presumption of title as against a
defendant who has subsequently acquired possession by
mere entry without any lawful right; provided, however,
that such prior possession of the plaintiff was not voluntarily
relinquished without the *animus revertendi*. *Allen* v. *Riv-
ington*, 2 Saund. 111; *Smith* v. *Lorillard*, 10 Johns. 338, 356;
*Christy* v. *Scott*, 14 How. 282, 292; *Sabariego* v. *Maverick*, 124
U. S. 296–300.

What, then, is the nature of the recovery in ejectment against the defendant? What is really recovered, irrespective of all the common law fictions of the action? As we have seen, the legal right to present possession in the plaintiff must exist, and that right will entitle him to recover, though he may have no freehold interest in the premises. He recovers according to his present legal rights in the premises as against the defendant, whether it be a title in fee simple, a life estate, a term, or a mere prior right of possession, as against the defendant who enters by wrong. If, however, the plaintiff should succeed in establishing his right to possession, and it should happen that the defendant or any other person afterwards becomes clothed with a better title than that of the plaintiff, a second action may be brought, and the plaintiff may be ejected from the land. This is made clear from the observations of Lord Mansfield, in delivering the judgment in the celebrated and leading case of *Taylor* v. *Horde,* 1 Burr. 114, where he said: "Then in truth and substance, a judgment in ejectment is a recovery of the *possession* (not of the seisin or freehold), without prejudice to the *right* as it may afterwards appear, even between the parties. He who enters under it in truth and substance can only be possessed *according to the right which he has at the time.* If he has a freehold, he is in as a freeholder. If he has a chattel interest, he is in as a termor; and in respect of the freehold, his possession enures *according to right.* If he has no title, he is in as a trespasser as against the true owner; and without any re-entry by the true owner, is liable to account for the profits." Indeed, there is strong reason for holding that a judgment in ejectment cannot, even as between the same parties, be taken as conclusive evidence, except as to the right of possession at the time of the judgment rendered, for a party may have a title to the possession at one time, and no right to such possession at another. The judgment for the plaintiff, in an action of ejectment upon trial on the general issue, is that

the plaintiff recover the premises, or some part thereof, and nominal damages for the supposed ouster, and cost of suit; and if, as in this case, a count be joined for mesne profits, a judgment will be entered for such amount as the plaintiff may show himself to be entitled to for the wrongful detention of the premises.

It would seem to be clear, that an action of ejectment in this District is a possessory action, and that it is not a proceeding *in rem*, according to any well defined conception of proceedings *in rem*. It doubtless involves some of the effects of such proceeding, but it is essentially a proceeding *in personam*, in which, from the commencement or earliest history of the action, a judgment could only be rendered against the tenant or real defendant after due service of process and actual notice to defend. That the action is a proceeding *in personam*, and not *in rem*, is made manifest by the allegations of the declaration, upon which the recovery is sought. In the declaration, the defendant is charged with the personal wrong or trespass of unlawfully ejecting the plaintiff from the possession of the premises, and of unlawfully detaining the possession of the same against the right of the plaintiff. The essential features of a proceeding *in rem* are wanting. There is no assertion of control of the property by the court; no seizure or attachment of the land, or fixing a lien, either consummate or inchoate, thereon, by any process of the court; and no process of the court to reach the land, until after trial and judgment, when, if the plaintiff succeeds in establishing his right to possession, the ordinary execution may issue to give him the fruits of his judgment.

It is too well settled to admit of question, that no valid judgment *in personam* can be founded upon mere constructive notice to the defendant by publication. As said by the Supreme Court of the United States in *Webster* v. *Reid*, 11 How. 459, "No person is required to answer in a suit on whom process has not been served, or whose property has not been attached. In this case there was no personal

notice, nor an attachment or other proceeding against the land, until after the judgments. The judgments, therefore, are nullities, and did not authorize the execution on which the land was sold."

And so in the case of *Pennoyer* v. *Neff*, 95 U. S. 727, the same court, in speaking of the effect of substituted service or constructive notice by publication, says: "Substituted service by publication, or in any other authorized form, may be sufficient to inform parties of the object of proceedings taken where property is once brought under control of the court by seizure or some equivalent act. The law assumes that property is always in the possession of its owner, in person or by agent; and it proceeds upon the theory that its seizure would inform him, not only that it is taken into the custody of the court, but that he must look to any proceedings authorized by law upon such seizure for its condemnation and sale. Such service may also be sufficient in cases where the object of the action is to reach and dispose of property in the State, or of some interest therein, by enforcing a contract or a lien respecting the same, or to partition it among different owners, or when the public is a party, to condemn and appropriate it for a public purpose. In other words, such service may answer ·in all actions which are substantially proceedings *in rem*. But where the entire object of the action is to determine the personal rights and obligations of the defendants, that is, where the suit is merely *in personam*, constructive service in this form upon a non-resident is ineffectual for any purpose."

But it is argued for the plaintiff that the act of Congress of February 22, 1867, Ch. 64, Sec. 7, now forming Section 787, Rev. Stat., U. S. D. C., by fair construction, embraces the case of ejectment for the recovery of land, and that it is competent to Congress to make effective a mere constructive or substituted service by publication in such action, though the action and recovery therein be *in personam*.

Whether it be competent to Congress to authorize the rendition of a judgment in an action of ejectment, founded as it is upon the alleged trespass and personal wrong of the defendant, or in any other action *in personam*, upon mere constructive notice by publication, is a grave question that we need not decide in this case, for the reason that, in our opinion, Congress has not attempted to authorize a judgment by default in an action of ejectment, upon mere constructive notice by publication.

Section 787 (R. S. D. C.), in its first clause, enumerates the various actions or proceedings in which constructive notice by publication may be proceeded upon; but in this enumeration the action of ejectment is not mentioned. It would seem but fair to presume, if this important and familiar action of ejectment had been intended to be embraced by the section, that it would have been mentioned with the other actions and proceedings enumerated. It is contended, however, that the last clause of the section, that which declares that "in all actions at law or in equity which have for their immediate object the enforcement or establishment of any lawful right, claim or demand to or against any real or personal property within the jurisdiction of the court," is sufficiently comprehensive to embrace the action of ejectment. But in this contention we do not agree. This provision of the statute has been in force since 1867, and there has been no practice established giving it application to actions of ejectment, and no *consensus* of opinion of either bench or bar that it was ever intended to have such application. It is clear, we think, that the provision of the statute was intended to embrace proceedings *in rem* and such as those referred to in *Pennoyer* v. *Neff*, and some of the other cases referred to in the briefs of counsel, but not to cases *in personam*, such as the action of ejectment. The statute should not be construed to extend to or embrace the action of ejectment, unless such action be plainly within the meaning of its provisions. The liability to abuse, and the

10 Ct. App.—19

danger of injury and annoyance of absent owners of real estate in this District, by allowing judgments to be rendered against them by default, upon mere constructive notice by publication, afford strong reason for refusing to adopt such mode of proceeding, upon any mere doubtful meaning of the statute. Indeed, such mode of proceeding in ejectment is wholly unnecessary to the ends of justice. If the premises be wholly unoccupied, it is not necessary, as we have seen, for the claimant to proceed by ejectment; but if occupied, process should be served upon the party in possession.

We think the order of the court below, from which this appeal was taken, should be affirmed; and it is so ordered.

*Order affirmed and cause remanded.*