## STATE EX REL. WILLIAM WATSON v. C. S. REED.[1]

### June 11, 1920.

### No. 21,992.

**Habeas corpus — sentence to state prison — relator entitled to discharge.**
The sentence imposed upon the relator in this case was for a maximum term of two years. Relator has served that term, as reduced by good behavior, and is entitled to be discharged.

Upon the relation of Charles Wade on behalf of William Watson, the district court for Washington county granted its writ of habeas corpus directed to C. S. Reed, Warden of the Penitentiary at Stillwater. From the order of the court, Searles, J., discharging the writ because the prisoner was legally detained in the custody of the respondent, relator appealed. Reversed.

*Morphy, Bradford & Cummins* and *Samuel Lipschultz,* for appellant.
*Clifford L. Hilton,* Attorney General, and *Rollin L. Smith,* Assistant Attorney General, for respondent.

HALLAM, J.
On September 25, 1918, relator was convicted in the district court of Hennepin county of the crime of grand larceny in the second degree. On September 26 the following sentence was imposed:

"It is considered and adjudged that you William Watson, as punishment for the crime of grand larceny in the second degree of which you have been convicted in this cause be.confined at hard labor in the state prison at Stillwater, Minnesota, for the term of two years or until you

[1]Reported in 177 N. W. 1021.

shall have been thence discharged by due course of law or by competent authority."

Relator now claims to have served this sentence, and he procured from the district court a writ of habeas corpus to secure his release. The district court ordered the writ discharged. Relator appeals.

The statute under which relator was sentenced, permits the court, in passing sentence, to fix the maximum term of imprisonment, but does not permit the fixing of a definite term or a minimum term. Chapter 319, p. 455, Laws 1917.

We construe the sentence as a sentence for a maximum term of two years, and not as a sentence for a fixed term or a minimum term of two years. The court without doubt was familiar with the statute and intended a valid sentence, one which the statute authorized, not one which the statute forbade.

On the day of his sentence relator was committed to the state prison. Because of good behavior, he has diminished the term of imprisonment to such an extent that he is now entitled to discharge. The order of the trial court is reversed and the relator discharged from custody.