## INDEMNITY INS. CO. OF NORTH AMERICA v. SMOOT.

### No. 8991.

United States Court of Appeals District of Columbia.

Argued Oct. 22, 1945.

Decided Dec. 17, 1945.

---

[6] Forward Process Co. v. Coe, 73 App. D.C. 100, 116 F.2d 946. Hansgirg v. Kemmer, 102 F.2d 212, 26 C.C.P.A., Patents, 937.

Mr. Louis M. Denit, of Washington, D. C., with whom Mr. A. Leckie Cox, of Washington, D. C., was on the brief, for appellant.

Mr. Stanley H. Kamerow, of Washington, D. C., for appellee.

Before EDGERTON, CLARK, and WILBUR K. MILLER, Associate Justices.

CLARK, Associate Justice.

This is an appeal from a judgment of the District Court awarding a money judgment to the appellee (Smoot) on the basis of that secured by her in an Illinois action in 1932, and also from an order enjoining the appellant from proceeding in an equity action in Illinois aimed at vacating the 1932 judgment.

At the outset, the plaintiff brought suit in Vermilion County, Illinois, on a negligence claim arising out of an automobile accident and there recovered a judgment against an insured defendant whose insurance contract required in part that he furnish an acceptable appeal bond should his insurance company (not the present appellant) consider an appeal necessary. At this point the present appellant became surety on the appeal bond. On appeal the plaintiff's judgment was affirmed, and an action was brought leading to judgment on the bond. Thereafter, the first insurance company went into receivership, and the appellant here became primarily liable.

On September 16, 1944, appellee (Smoot) filed the present suit against Indemnity Insurance Company in the District Court, setting up her Illinois judgment against the defendant. On December 19, 1944, defendant filed an equity action in Vermilion County, Illinois, to set aside the 1932 judgment upon which the plaintiff was relying. January 29, 1945, the District Court entered judgment for the plaintiff on the pleadings and the same day issued an order enjoining the defendant from pursuing the Illinois action or in any way recognizing any judgment resulting therefrom which prejudiced the plaintiff's rights in this cause. Thereafter, on February 6, 1945, the circuit court for Vermilion County, Illinois, issued a decree declaring the October 5, 1932, judgment of that court to be null and void.

I

As to the money judgment challenged on this appeal appellant urges: (1) that action on the Illinois judgment was barred by the statute of limitations of Illinois; (2) that appellee's cause of action was barred by laches, and that she was estopped to claim against appellant on the bond; (3) that the District Court erred in failing to hold and determine that the answer of appellant presented issues of fact, which required a trial; and (4) that the court erred in granting appellee's motion for judgment on the pleadings.

Appellant's first contention is directly negatived by the applicable Illinois Statute [Ill.Stat.Ann., Sec. 107.284(2) Ill.Rev.Stat. 1945, c. 83, § 24b] quoted in appellant's own brief, which provides for a twenty year period of limitation. This contention was

specifically abandoned by appellant in the oral argument.

█ Equally untenable is appellant's second contention that the cause in the District Court was barred by laches on the part of appellee. Admittedly, both parties to this action had been woefully slow in the exercise of their rights, but in the premises such delay cannot operate to extinguish the plaintiff's right of record, standing unreversed and unchallenged at the time she brought suit upon it as a foreign judgment in the District Court. Even if it be assumed that the plaintiff's Illinois judgment was voidable, it is not subject to collateral impeachment as long as it remained in force.[1]

We find no strength in the appellant's contention that the issues raised in its answer required a trial on the merits in the District Court and that therefore the motion for judgment on the pleadings was improperly granted.

█ It is fundamental that in an action on a judgment the original cause of action cannot be examined on the merits, the area of attack being limited to jurisdiction and fraud in procurement.[2] Moreover, no item of defense may be asserted that existed prior to the judgment and which might have been set up in the original proceedings.[3]

█ Thus, the defendant's allegations of secondary agreements limiting liability, alleged to have been entered into between it and plaintiff before the original cause of action, did not raise matters into which the District Court was obliged to inquire. It is therefore not required that on this appeal we examine two questions necessarily involved in the purported defense, namely, whether the alleged secondary contract was void as against public policy, and whether it was violative of the Statute of Frauds of the State of Illinois.

So far as the money judgment is concerned the whole controversy boils down to the question of the effect, if any, of the equity decree of the Circuit Court of Vermilion County, Illinois, entered on February 6, 1945, whereby it was sought to set aside and declare null and void the original Illinois judgment upon which appellee sued in the District of Columbia.

There can be no doubt that the original Illinois judgment was a valid and subsisting judgment at the time suit upon it was filed in the District Court here. The District Court had proper and complete jurisdiction; no question of service was involved; the subject matter and the parties were properly before the Court. As we have pointed out, the complaint on the foreign judgment was filed here in the District Court on September 16, 1944. It was not until December 19, 1944, that a bill in equity was filed in the Circuit Court of Vermilion County, Illinois, to set aside the original Illinois judgment. Later, on January 29, 1945, the District Court here, after hearing, granted the motion of plaintiff (Smoot) for judgment on the pleadings and entered judgment against defendant (appellant here) for the full amount of the original judgment plus interest from October 5, 1932. Only subsequently, on February 6, 1945, was a decree purporting to set aside the original judgment entered in the Illinois Court.

The text of this latest Illinois decree is set out in full at pages 11-14 of appellant's brief and after the oral argument a certified copy of this decree was filed by leave of this Court on motion of appellant, over the vigorous opposition of appellee, and may be treated as part of the record on this appeal.

█ In our view, the decree of the Illinois Court of February 6, 1945, shows clearly and unmistakably on its face that that Court had no jurisdiction to enter this decree. Service on Ada Smoot, the defendant in that suit (appellee here) was by publication only, although it is not disputed that defendant was a non-resident with no property in Illinois which could be or was the subject of attachment. Admittedly, service by publication is not good in actions in personam on non-residents not found within the jurisdiction unless property of the party within the State be the subject of attachment. In order to cure this defect in the service, vital to its jurisdiction in the cause, the Circuit Court of Vermilion County, Illinois, made a finding that "the suit involves a res within the jurisdiction of this Court." It is tacitly admitted that if the action were in personam the service was fatally defective.

---

[1] Elliott v. Peirsol, 1 Pet. 328, 7 L.Ed. 164; Audas v. Highland, etc., Co., 6 Cir., 205 F. 862.

[2] Christmas v. Russell, 5 Wall. 290, 72 U.S. 290, 18 L.Ed. 475; Moore v. Kraft, 7 Cir., 179 F. 685.

[3] Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195.

670

█ But by tradition, equity is said to act only in personam and this principle is of nearly universal application. Thus, by the first test the Illinois proceeding was not in rem.

The appellee in its argument against appellant's motion to make the Illinois decree a part of the record correctly cited two cases in this Court which bear closely on the point in issue. In Backus Portable Steam Heater Company v. Simonds,[4] this Court found a suit to cancel a fraudulent patent assignment to be in personam so as to require personal service. In Staffan v. Zeust,[5] the Court declared an action in action to revive a judgment is in personam.

The Supreme Court of Illinois in Bickerdike v. Allen,[6] while supporting service by publication on other grounds, held that an action to revive a judgment is in personam. There is no distinction in principle in this matter of jurisdiction between an action to revive a judgment and an action to set aside a judgment.

In Bickerdike v. Allen, supra, the Illinois Supreme Court quotes with approval the language of Mr. Justice Field in Pennoyer v. Neff,[7] wherein it is said: "But where the entire object of the action is to determine the personal rights and obligations of the defendants—that is, where the suit is merely in personam,—constructive service in this form upon a nonresident is ineffectual for any purpose. Process from the tribunals in one state cannot run into another state and summon parties there domiciled to leave its territory and respond to proceedings against them. Publication of process or notice within the state where the tribunal sits cannot create any greater obligation upon the nonresident to appear. Process sent to him out of the state and process published within it are equally unavailing in proceedings to establish his personal liability."[8]

█ We conclude, therefore, that the Illinois Court acquired no jurisdiction in the equity suit by the publication of notice to Smoot and that the decree of February 6, 1945, is without weight or effect to vitiate the money judgment of the District Court so far as this appeal is concerned.

█ Moreover, in this case it appears that the District Court properly had jurisdiction of the subject matter and the parties and that the suit proceeded to final judgment before any decree of any kind was entered by the Illinois Court. Even if it were to be assumed that the service in the Illinois equity case was good and that the Illinois Court had jurisdiction, the judgment of the District Court should be affirmed. An action on a judgment is regarded as a new and independent action. Davis v. Packard.[9] The mere pendency of equity proceedings in the State where the decree was rendered, to set it aside, presents no obstacle to the rendition of a judgment upon the decree by the court of the state in which it is sought to enforce it. Tompkins v. Cooper.[10]

The force and nature of the second judgment has been described by one Court as follows: "Here the action of debt on a foreign judgment is an original and independent action, and no judgment that we may render on it can be affected by any proceedings elsewhere; for those proceedings cannot set aside or confirm what we may do. Our judgment is final, and a writ of error to it does not bring up the proceedings elsewhere on an appeal or writ of error to the first judgment. If, then, we enter judgment, it must be conclusive, unless we leave it to be set aside, or stayed, or enforced at the discretion of the court below, on which proceeding a party has no right of review." Merchants' Insurance Co. v. De Wolf.[11]

It was held squarely in the Ninth Circuit in Sanger Lumber Co. v. Western Lumber Exchange,[12] that a judgment previously recovered in another State does not automatically fall with the reversal of the latter judgment. The court ruled that a sale under an Idaho judgment, rendered upon a previous Washington judgment, could not be called in question in a collateral proceeding, but must stand until vacated or set aside by the court in which it was

[4] 2 App.D.C. 290.
[5] 10 App.D.C. 260.
[6] 157 Ill. 95, 41 N.E. 740, 741, 29 L.R.A. 782.
[7] 95 U.S. 714, 727, 24 L.Ed. 565.
[8] See also: New York Life Insurance Co. v. Dunlevy, 241 U.S. 518, 36 S.Ct. 613, 60 L.Ed. 1140; Freeman v. Alderson, 119 U.S. 185, 7 S.Ct. 165, 30 L.Ed.

372; Densby v. Acacia Mut. Life Association, 64 App.D.C. 319, 78 F.2d 203, 101 A.L.R. 863.
[9] 7 Pet. 276, 8 L.Ed. 684.
[10] 97 Ga. 631, 25 S.E. 247, writ of error dismissed, 170 U.S. 703, 18 S.Ct. 947, 42 L.Ed. 1217.
[11] 33 Pa. 45, 46, 75 Am.Dec. 577, 578.
[12] 9 Cir., 11 F.2d 489.

rendered notwithstanding the reversal of the previous Washington judgment on which it was founded.

In the instant case the District Court had unchallenged jurisdiction at the outset of its proceedings. It entered final judgment prior to the issuance of the Illinois decree purporting to set aside the original judgment. In such circumstances the judgment cannot be attacked upon this appeal. The judgment of the District Court for money damages is therefore, affirmed.

## II

There remains the order enjoining defendant "from in any way proceeding * * *" or "* * * recognizing or honoring any judgment that may be entered on behalf of any other parties in Equity Cause No. 25649 in the Circuit Court of Vermilion County, Illinois, insofar as it may interfere with plaintiff's rights in this cause." This order was entered on the same day as the judgment for money damages and is ancillary to it.

With the affirmance of the money judgment, the validity of the injunction order becomes to some extent a moot question since the money judgment stands without the necessity for proceedings under the injunction. Inasmuch, however, as the injunction proceedings are part of the same case and the appeal from this order is part of the record in the case, we feel that we should pass upon it.

In pursuing appeal from this order, appellant urges that the injunctive relief granted by the District Court was contrary to Section 265, Judicial Code, 28 U.S. C.A. § 379, which provides:

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

The categorical prohibition of this statute had, until recently, long been mitigated by interpretative decisions and specific statutory exceptions. In relation to the present case this point does not require an exhaustive review of the history of the statute or the development of the exceptions.[13]

Regarding the cases cited by appellant it seems sufficient to point out that in each instance the action a State court having concurrent jurisdiction had commenced prior to the Federal proceedings.[14] Such situations present the clearest possible basis for applying the prohibition of Section 265. The policy has been frequently enunciated in decisions of the United States Supreme Court.[15]

In the case we are now considering the order of events is precisely opposite. The District Court took jurisdiction on September 16, 1944, and the Illinois action was not begun until December 19, 1944.

Many cases, some in the Supreme Court of the United States, have long been taken to hold, and eminent text writers have stated the law to be that notwithstanding the provisions of Section 265, "a federal court may grant an injunction against a proceeding in a state court when necessary to render effective its own decree."[16]

The cases upon the application of Section 265, have, however, been recently reviewed by the Supreme Court of the United States in the case of Toucey v. New York Life Insurance Co.,[17] in which the majority of that Court held that apart from certain statutory exceptions, not necessary to be noticed here, "only one 'exception' has been imbedded in § 265 by judicial construction, to wit, the res cases."

 The case holds explicitly that the Judicial Code forbids a federal court to enjoin the parties to a proceeding in personam in a State court on the ground that the claim in controversy had been previously adjudicated by the Federal Court.

---

See Taylor and Wills, The Power of Federal Courts to Enjoin Proceedings in State Courts, 42 Yale L.J. 1169.

[14] Hyattsville Building Ass'n v. Bouic, 44 App.D.C. 408; Harlan v. Harlan, 52 App.D.C. 98, 281 F. 602; Herfurth v. Herfurth, 77 U.S.App.D.C. 391, 135 F.2d 948.

[15] In Ponzi v. Fessenden, 258 U.S. 254, 260, 42 S.Ct. 309, 310, 66 L.Ed. 607, 22 A.L.R. 879, the Court said: "The chief rule which preserves our two systems of courts from actual conflict of jurisdiction is that the court which first takes the subject-matter of the litigation into its control, whether this be person or property, must be permitted to exhaust its remedy, to attain which it assumed control, before the other court shall attempt to take it for its purpose."

[16] 4 II Pomeroy's Equitable Remedies (1905), par. 640, p. 1079.

[17] 314 U.S. 118, 62 S.Ct. 139, 147, 86 L.Ed. 100, 137 A.L.R. 967.

672

It may be noted in passing that if, as found by the Illinois Court in the equity proceeding, and as urged by appellant in standing on that decree in this appeal, that the proceeding was one in rem, then the case would seem to fall squarely within the res cases exception to Section 265, as set out by Mr. Justice Frankfurter's majority opinion in the Toucey case. Since, however, we are of the opinion that no res was involved, we are constrained by the rule of the Toucey case to hold that the order granting an injunction should be reversed.

Judgment for money damages affirmed.

Order granting injunction reversed.