## CHARLES FOSTER WILLOUGHBY v. L. F. UTECHT.[1]

May 16, 1947.

No. 34,391.

[1]Reported in 27 N. W. (2d) 779.

*Charles Foster Willoughby, pro se.*

*J. A. A. Burnquist,* Attorney General, and *Charles E. Houston,* Assistant Attorney General, for respondent.

PETERSON, JUSTICE.

Petitioner appeals from an order discharging a writ of habeas corpus and remanding him to the custody of respondent. By stipulation, the appeal is to be heard and decided upon the record below.

The petition attempts to set forth that petitioner was sentenced and committed for the crime of grand larceny in the second degree, for which the maximum authorized term of imprisonment is, under § 622.06,[3] not to exceed five years; that at the commencement of these proceedings he was entitled to his immediate discharge from imprisonment upon the ground that he had served the term of such sentence in full as reduced by good behavior (see, State ex rel. Watson v. Reed, 146 Minn. 149, 177 N. W. 1021); that the judgment of conviction and warrant of commitment had been "altered" so as to make his punishment read for a term of ten years; and that thereby he is prevented from obtaining the discharge to which he is entitled.

Respondent as warden of the state prison justifies the imprisonment of petitioner under a commitment for the crime of grand larceny in the second degree and one prior conviction issued by the district court of Hennepin county. A copy of the record in the district court showing the entire proceedings was made a part of the commitment. It appears therefrom that on July 15, 1943, petitioner was convicted upon his plea of guilty to the crime mentioned and sentenced to the state reformatory at St. Cloud according to law. The maximum authorized punishment therefor is not to exceed ten years. § 610.28. If the judgment and sentence were valid, petitioner admittedly was not entitled to his release. After he had been

---

[3]See, M. S. A. § 622.06, and cf. Mason St. 1927, § 10363.

committed to the reformatory, he was by lawful order, under § 640.36,[4] transferred to the state prison.

In his traverse of the return, by unsworn oral statements made at the hearing on the writ and by written statements in his briefs, petitioner attacks both the commitment and the judgment on which it is based. He attacks them by bald assertion, entirely unsupported by any proof, that they were altered after he had been sentenced so as to change his sentence from one to five years' to not more than ten years' imprisonment. The judgment is separately attacked both *in toto* and as to the part relating to imprisonment in excess of that authorized for grand larceny in the second degree. It is asserted, without any proof to support the charge, that the judgment is void *in toto* for the reasons (1) that petitioner was induced to plead guilty by means of false representations of the police that they had proof that he committed the crime charged and that he yielded to the misrepresentations only because of prolonged illegal incarceration; and (2) that he entered his plea of guilty without counsel. The part of the judgment adjudging petitioner guilty of one prior conviction is claimed to be void upon the ground that the judgment of prior conviction itself is void, because (1) the court rendering it was without jurisdiction, and (2) the judgment was the result of duress practiced on petitioner. The judgment of prior conviction was rendered by the court of common pleas of Franklin county, Ohio (referred to in the information charging the prior conviction as the district court, Columbus, Ohio). The evidence showed that petitioner was then 16 years old and a "child"—a juvenile—as defined by the statutes of Ohio then in force. 1 The General Code of Ohio (Rev. ed.) § 1644. See, 2 Page Ohio General Code Ann. (Lifetime ed.) §§ 1639-1 and 1639-2. Petitioner contends that the court of common pleas lacked jurisdiction to entertain the prosecution against him because of the fact that he was at the time a juvenile, and that consequently the judgment is absolutely void. He also makes an assertion, without any evidence to substantiate it, that the judgment is void because he pleaded guilty to the crime of armed

---

[4] See, M. S. A. § 640.36, and cf. Mason St. 1927, § 10825.

robbery as the result of physical duress practiced upon him by the police consisting of threats to "blackjack" him if he did not plead guilty.

Although petitioner attacked the judgment and commitment in the respects mentioned, he neither offered nor gave any proof of the facts alleged and stated by him, except that he was a juvenile at the time of his prior conviction by the Ohio court of common pleas.

Of course, if the judgment is void *in toto,* petitioner is entitled to his immediate discharge. It apparently has been assumed that, if the judgment of conviction did in fact adjudge him guilty only of grand larceny in the second degree and afterward was altered to show a conviction of grand larceny in the second degree and one prior conviction, or if the part of the judgment relating to the prior conviction is void, petitioner is entitled to his immediate discharge upon the ground claimed by him; but not if the judgment adjudicated him guilty of grand larceny in the second degree and one prior conviction.

■ Allegations in a petition for a writ of habeas corpus and the traverse of the return thereto and unsworn statements at the hearing on a writ and in a brief do not constitute proof of facts which they assert. Controverted questions of fact in habeas corpus proceedings must be proved the same as in other legal proceedings. Where the return sets forth process showing good cause for petitioner's detention, it is incumbent on petitioner to prove the facts which he asserts invalidate the apparent effect of such process. Elliott v. Commonwealth of Kentucky (D. C.) 45 F. Supp. 902; Walker v. Johnston, 312 U. S. 275, 61 S. Ct. 574, 85 L. ed. 830; 25 Am. Jur., Habeas Corpus, § 150; 39 C. J. S., Habeas Corpus, § 101. Because of petitioner's failure to offer proof of these allegations and statements and to take rulings thereon, no legal questions concerning the matters to which they relate are raised. Hence, the contentions that the judgment of conviction and the commitment had been altered; that petitioner had been induced to plead guilty by means of prolonged illegal incarceration and misrepresentations of the

police; and that his plea of guilty to the prior crime in the Ohio court of common pleas was induced by physical duress must fail for entire lack of proof of the facts upon which the contentions are based.

■ The judgment of conviction affirmatively shows that petitioner was represented by the late Jerome Jackman, Esq., of the Hennepin county bar, as counsel in the proceedings in the district court of Hennepin county. In his testimony in this case petitioner admitted that he was so represented, but was evasive about the matter. There is no basis in fact for his contention that he entered his plea of guilty without being represented by counsel.

■ Under §§ 610.28 and 610.31, a person convicted in this state of a felony punishable by an indeterminate sentence of imprisonment after having been convicted in this state or some other state or country of a crime which, if committed within the state, would constitute a felony, is subject to double the punishment prescribed for the second crime, and it is the duty of the county attorney at any time before the sentence for the second crime has been fully executed to file an information charging such person with the prior conviction and of the district court to cause such person to be brought before it for the purpose of determining whether there was such a prior conviction, and, if so, to adjudge him to be guilty thereof and to sentence him accordingly. That is what was done in the instant case. Under § 622.06, grand larceny in the second degree is punishable by imprisonment in the state prison for not more than five years, or in the county jail for not exceeding one year, or by a fine of not more than $500. Because it may be punishable by imprisonment in the state prison, it is a felony. § 610.01.[5] Under the law of Ohio, *armed robbery* consists of stealing or taking by means of force or putting in fear anything of value from another by one armed with a pistol, knife, or other dangerous weapon and is punishable by imprisonment in the penitentiary for not less than ten nor more than 25 years. 10 Page Ohio General Code Ann. (Lifetime ed.), Cumulative Pocket Supp. for 1946, § 12432-1. In Ohio, an offense which may be punishable by imprisonment in the penitentiary is a

---

[5]See, M. S. A. § 610.01, and cf. Mason St. 1927, § 9906.

felony. 10 Page Ohio General Code Ann. (Lifetime ed.) § 12372. The crime of armed robbery as defined by the statutes of Ohio is substantially the same as robbery in the first degree as defined by our own statutes. §§ 619.41 and 619.42.[6]  State v. Nichols, 179 Minn. 301, 229 N. W. 99.  Robbery in the first degree is punishable by imprisonment in the state prison for not less than five nor more than 40 years. § 619.42.  Because it is so punishable, it is a felony. § 610.01. The crime of armed robbery to which petitioner pleaded guilty in Ohio would have constituted the felony of robbery in the first degree if committed in this state.

On July 15, 1943, petitioner pleaded guilty to the crime of grand larceny in the second degree.  The county attorney then filed an information charging him with having been convicted on May 7, 1935, in the court of common pleas at Columbus, Ohio (referred to in the information as the district court), of the crime of armed robbery.  Thereupon petitioner was again brought before the court during the afternoon of July 15, 1943, at which time he pleaded guilty to the prior conviction, and thereupon he was sentenced to be imprisoned in the state reformatory at St. Cloud according to law for the crime of grand larceny in the second degree and one prior conviction.  Thus, by his plea of guilty, petitioner was convicted of a felony committed in this state (grand larceny in the second degree) and of a prior conviction of a crime (armed robbery in Ohio), which would have been a felony if it had been committed in this state.  The sentence was in strict conformity with the terms of the statute and was in all things legal.  State ex rel. MacMillen v. Utecht, 221 Minn. 138, 21 N. W. (2d) 239.

■  The contention that the sentence here is void insofar as it relates to the prior conviction involves a collateral attack upon a judgment.  "The sentence is the judgment."  Berman v. United States, 302 U. S. 211, 212, 58 S. Ct. 164, 166, 82 L. ed. 204.  See, State v. Gieseke, 125 Minn. 497, 147 N. W. 663.  Where by a writ of habeas corpus petitioner seeks discharge from imprisonment

---

[6]See, M. S. A. §§ 619.41 and 619.42, and cf. Mason St. 1927, §§ 10101, 10102, and 10103.

under a sentence and commitment, the habeas corpus proceedings involve a collateral attack on the sentence. Because the sentence is a judgment, the rules applicable to collateral attack on a judgment apply where a collateral attack is made on a sentence. Ordinarily, the only questions open to review on habeas corpus after conviction of a crime are whether the court had jurisdiction of the crime and the defendant (of the subject matter and the person); whether the sentence was authorized by law; and, in certain cases, whether defendant was denied fundamental constitutional rights. The writ may not, however, be used as a substitute for an appeal or a motion to correct, amend, or vacate. State ex rel. DuFault v. Utecht, 220 Minn. 431, 19 N. W. (2d) 706, 161 A. L. R. 1316; State ex rel. Dunlap v. Utecht, 206 Minn. 41, 287 N. W. 229; State ex rel. Petcoff v. Reed, 138 Minn. 465, 163 N. W. 984. Where, as here, the sentence is one imposed by a domestic court of general jurisdiction, the writ reaches only those defects which appear on the face of the proceedings. Extrinsic evidence is not admissible to establish want of jurisdiction. State ex rel. DuFault v. Utecht, *supra.*

The sentence in effect adjudicated that the prior conviction in Ohio was valid and constituted the basis for additional punishment. The case, then, is one where a collateral attack is made on a domestic judgment, rendered by a court having jurisdiction of the subject matter and the person, upon the ground that it is based upon a void judgment. In short, as to the prior conviction, the contention is that the judgment is void because it is based on an invalid judgment. A judgment is not subject to collateral attack upon the ground that it is based upon an invalid judgment. The judgment so attacked is *res judicata* as to the validity of the prior judgment. Where a judgment is based on an invalid judgment, the remedy is by a direct proceeding in the action in which the judgment was rendered showing that there is no basis for it because of the invalidity of the judgment on which it was based, and not by an attack on the judgment in a separate, independent proceeding, as here. So long as the judgment based on a prior judgment stands, it is immune from attack upon the ground that the prior judgment is

invalid. Deposit Bank v. Board of Councilmen, 191 U. S. 499, 24 S. Ct. 154, 48 L. ed. 276; Liuzza v. Bell, 40 Cal. App. (2d) 417, 104 P. (2d) 1095; Restatement, Judgments, § 13. See, Weber v. Arend, 176 Minn. 120, 222 N. W. 646. The rule is applied in habeas corpus cases where the petitioner attacks a judgment of prior conviction upon the ground that he was at the time of its rendition a minor or juvenile. Cochran v. Simpson, 143 Kan. 273, 53 P. (2d) 502; People v. Harrison, — Misc. —, 66 N. Y. S. (2d) 31. Hence, whether the prior conviction was valid is not open to inquiry.[7]

█ Petitioner makes the further point that the judgment of the Hennepin county court adjudging him guilty of a prior conviction is void on the grounds that it attempts to give extraterritorial effect in Minnesota to the Ohio judgment and thereby punish him in Minnesota for a crime which he committed in Ohio, for which he was punishable only in that state. The contention misconceives the reasons why increased punishment is meted out to offenders guilty of prior crimes. The increased punishment for an offense because of a prior conviction is not punishment for the *prior* offense. The punishment is for the *second* offense only, but the nature and the amount thereof is determined by the fact that the defendant has been previously convicted of a crime. In the case of an offender previously convicted of crime, it is deemed that as to him ordinary punishment therefor has failed in its purposes of deterring him from committing other crimes and of reforming him into a law-abiding person, so that in his case more severe punishment is necessary to achieve those purposes. State v. Zywicki, 175 Minn. 508, 221 N. W. 900; McDonald v. Massachusetts, 180 U. S. 311, 21 S. Ct. 389, 45 L. ed. 542; 25 Am. Jur., Habitual Criminals, §§ 3 and 19. It is a case of making the punishment fit the criminal as well as the crime. Cross v. State, 96 Fla. 768, 119 So. 380. It makes no difference in this con-

---

[7]We have not overlooked the decision of the Ohio court in State v. Klingenberger, 113 Ohio St. 418, 149 N. E. 395, holding that the court of common pleas may have jurisdiction of the prosecution of a juvenile charged with having committed a felony. See, State v. Peterson, 153 Minn. 310, 190 N. W. 345. We rest our decision exclusively on the ground that inquiry into the validity of the prior conviction in Ohio is not permissible here.

nection that defendant committed the prior crime and was convicted thereof in a state other than the one where the second crime was committed for which increased punishment is meted out because of the prior conviction. Carlesi v. New York, 233 U. S. 51, 34 S. Ct. 576, 58 L. ed. 843. See, State v. Stern, 210 Minn. 107, 297 N. W. 321.

Our conclusion is that petitioner is detained in imprisonment by respondent under a valid sentence of a competent court having jurisdiction and a valid commitment to execute the sentence, and that the attacks thereon made by petitioner must fail.

Affirmed.

