## MacVEY v. MacVEY.

### Nos. 1344, 1349.

Municipal Court of Appeals for the District of Columbia.

Argued July 21, 1953.

Decided Aug. 6, 1953.

John H. MacVey, pro se.

John H. Coffman, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant was sued for divorce in California. He was present in that State and was personally served with process. Pending the divorce action he entered into what was entitled a "Property Settlement Agreement" with his wife by which he agreed to pay her a monthly sum for the support and maintenance of their children and to pay certain other sums. When the divorce action came on for hearing appellant did not appear either personally or through counsel. After the hearing a decree of divorce was entered in favor of the wife. The decree approved and confirmed the property settlement agreement of the parties and made it a part of the decree. Appellant made no effort in the California courts by appeal or otherwise to question the validity of the decree. Nevertheless he failed to make the payments provided for in the agreement incorporated in the decree and the present action was brought in the District of Columbia by the former wife for payments accrued under the California decree. Appellant was personally

served and through counsel filed an answer which admitted he had made the agreement and that it had been made a part of the divorce decree, and denied generally the other allegations of the complaint. Appellee moved for summary judgment, supporting her motion by an affidavit and certified copy of the California decree. Appellant filed no papers in opposition to the motion and neither he nor his counsel appeared at the hearing of the motion. Their failure to appear seems to have been deliberate as no claim is made of lack of notice. Summary judgment was granted against appellant. He took no appeal and made no effort to attack the validity of the judgment until more than three months after its rendition and then only when an attachment on the judgment was levied against his bank account. He then moved to vacate the judgment and quash the attachment. His motion was denied and he has appealed.

█ Appellant's position is that, although the California court had jurisdiction of the parties and subject matter, its decree was void because the decree was entered against him without due process of law. Upon this premise he argues that the judgment in the Municipal Court was void because based on a void California decree. We do not find it necessary to pass on appellant's contention that the California decree was void, though we have grave doubts as to the merit of that contention. Whether the California decree was void or not is now immaterial. Action was brought on that decree in the Municipal Court and personal service obtained on appellant. The Municipal Court had jurisdiction on the parties and subject matter. The proceedings in the Municipal Court were regular and no appeal was taken from the judgment therein entered within the time limited therefor. Appellant's motion to vacate, filed long after time for appeal had expired, must be considered a collateral attack on the judgment and can prevail only if the judgment is void.[1]

█ A judgment although erroneous and subject to reversal on direct appeal is not thereby rendered void, and a judgment cannot be collaterally attacked because of the insufficiency of the cause of action on which it is based. Therefore, even if the California decree was void, it does not follow that the Municipal Court judgment is void. An action on a judgment is regarded as a new and independent action.[2] The claim that the California decree was void should have been raised as a defense to the Municipal Court action. That defense was first made on the motion to vacate and came too late. "Where an action is brought upon a judgment in a court having jurisdiction over the parties and a judgment is rendered for the plaintiff, the second judgment is not open to collateral attack on the ground that the original judgment was void." Restatement, Judgments, § 13.[3]

We therefore hold that the Municipal Court judgment was not void and this appeal must fail.

Affirmed.

1. Wade v. Union Storage & Transfer Co., D.C.Mun.App., 58 A.2d 493.

2. Indemnity Ins. Co. v. Smoot, 80 U.S. App.D.C. 287, 290, 152 F.2d 667, 670, 163 A.L.R. 498, 502; certiorari denied 328 U.S. 835, 66 S.Ct. 981, 90 L.Ed. 1611.

3. See also M. Lowenstein & Sons v. American Underwear Mfg. Co., D.C.E.D.Pa., 11 F.R.D. 172; Liuzza v. Bell, 40 Cal. App.2d 417, 104 P.2d 1095; Willoughby v. Utecht, 223 Minn. 572, 27 N.W.2d 779, 171 A.L.R. 535.